David Melton O'DELL, Appellant,

v.

**FIRST NATIONAL BANK OF KERRVILLE, et al., Appellees.**

No. 04-89-00263-CV.

Court of Appeals of Texas, San Antonio.

April 30, 1991.

Jerry T. Steed, Baucum & Steed, San Antonio, for appellant.

Wm. Michael Childers, Kerrville, Frank Oliver, Kilgore & Oliver, Austin, for appellees.

OPINION

Before CADENA, C.J.,[1] and CARR and STEPHENS,[2] JJ.

STEPHENS, Justice.

David Melton O'Dell, Appellant, seeks to reverse a Summary Judgment rendered by the trial court in his suit challenging a foreclosure sale conducted by William Michael Childers, Trustee, for its principal, First National Bank of Kerrville, Appellees.

O'Dell brings seven points of error, on appeal:

(1) The Trial Court erred in granting Appellee's Motion for Summary Judgment for the reason that Appellee's non-judicial foreclosure on August 4, 1987, was foreclosure of a fourth lien inferior to Appellant's third lien in the ranch.

(2) The Trial Court erred in denying Appellant's Motion for Partial Summary Judgment for the reason that Appellant's non-judicial foreclosure on November 3, 1987, extinguished Appellee Bank's inferior lien position in the ranch.

(3) The Trial Court erred in granting Appellee's Motion for Summary Judgment for the reason that refusal to set aside the Trustee's Sale conducted by Appellees on August 4, 1987, was a clear abuse of discretion in violation of equitable principles.

(4) The Trial Court erred in denying Appellant's Motion for Partial Summary Judgment for the reason that refusal to set aside the Trustee's Sale conducted by Appellees on August 4, 1987, was a clear abuse of discretion in violation of equitable principles.

(5) The Trial Court erred in granting Appellee's Motion for Summary Judgment for the reason that it was fundamental error in contravention of the Due Pro-

1. Carlos C. Cadena, Chief Justice (Retired), not participating.

2. The Honorable Bill J. Stephens, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

cess Clause of the Fourteenth Amendment to the United States Constitution to hold Appellant was not entitled to notice of the foreclosure sale conducted on August 4, 1987.

(6) The Trial Court erred in granting Appellee's Motion for Summary Judgment for the reason that Appellant is a consumer under the provisions of the Texas Deceptive Trade Practice Act.

(7) The Trial Court erred in granting Appellee's Motion for Summary Judgment for the reason that Appellees failed to meet the negative burden of proving the absence of a civil conspiracy.

We agree with Appellant's Points of Error Number One, Two, Three and Four and finding them dispositive of the case, we reverse the judgment of the trial court, and do not address Appellant's additional points of error.

## FACTS

August 21, 1981

Charlie Davis sold a 190 acre ranch to Roland Walters, receiving as a part of the consideration a promissory note in the sum of $121,626.00 secured by first vendor's lien and deed of trust lien. The note further required the holder of the note to provide the maker or any obligor fifteen (15) days prior notice sent by registered mail before declaring the unpaid balance of the note due and payable.[3] (First Lien)

August 27, 1982

Roland Walters sold the ranch to David O'Dell receiving a promissory note in the sum of $111,547.00 secured by a second lien deed of trust. Additionally, O'Dell expressly assumed the first lien described above. (Second Lien)

July 21, 1984

O'Dell sold the ranch to the 237–Acre Bandera Ranch Partnership, receiving cash, and a non-recourse promissory note in the sum of $191,303.14, secured by a vendor's lien and a third lien deed of trust on the ranch. This note and deed of trust lien expressly declined to assume the first and second liens, and thus the purchase of the ranch was subject to the first and second liens. (Third Lien)

July 3, 1986

The Partnership borrowed $550,942.00 from First National Bank of Kerrville, executing a deed of trust on the ranch. The proceeds of the loan was used to *pay off* the first and second liens.[4] (Fourth Lien)

August 4, 1987

Bank foreclosed its July 3, 1986 deed of trust lien on the ranch at private sale without notice to O'Dell.

November 3, 1987

O'Dell foreclosed his July 21, 1984 deed of trust lien on the ranch at private sale.

## FIRST POINT OF ERROR

O'Dell's first point of error contends that the Trial Court erred in granting the Bank's Motion for Summary Judgment for the reason that Appellee's non-judicial foreclosure on August 4, 1987, was a foreclosure of a fourth lien inferior to Appellant's third lien in the Ranch.

An analysis of the above described transactions must be made to determine the position of the parties in their respective foreclosures.

The first and second liens, when originated, create no problems. Davis sold his ranch to Walters, receiving a note and retaining a vendor's lien. The foreclosure clause required 15 days notice by registered mail before declaring the note due and payable. Walters then sold the ranch to O'Dell, receiving a note, and second lien

---

**3.** No waiver of this notice provision by either Walters or O'Dell is found in the record.

**4.** Although the loan documents recite that the first and second lien notes were transferred and assigned to the bank, the bank argues, and the summary judgment affidavit of the officer of the bank states, that the first and second lien notes were paid and extinguished.

described in a deed of trust, whereby O'Dell assumed the obligations of the first lien.

The next transaction, the creation of the third lien on July 21, 1984, provides no complication. It was a straightforward sale of the ranch to a partnership named 237–Acre Bandera Ranch Partnership by O'Dell, who retained a vendor's lien, received cash and a note secured by a third lien deed of trust on the property. The sale was made subject to the first and second lien debts. The partnership declined to assume personal liability on the first and second liens, or for that fact on the purchase money note secured by the third lien.

Two years later, on July 3, 1986, the partnership borrowed $570,000.00 from First National Bank of Kerrville, securing the note by the execution of a deed of trust on the ranch. The deed of trust contained the following language:

Insofar as that certain 190.338 acre portion of the herein described 237.68 acre tract is concerned, which 190.338 acre tract is more fully described in a Deed from Roland Walters to David Melton O'Dell, M.D. and wife, Carolyn Lee O'Dell, dated August 27, 1982, recorded in volume 216, Page 63, of the Deed Records of Bandera County, Texas, *the liens securing the payment of $380,-911.05 of this $570,000.00 note shall be secondary and inferior to the liens securing the payment of that one certain promissory note in the original principal sum of $191,303.14, dated July 21, 1984, executed by 237–Acre Bandera Ranch Partnership and payable to the order of David Melton O'Dell, M.D. and wife, Carolyn Lee O'Dell,* more fully described in and secured by a Vendor's Lien retained in Deed of even date therewith executed by David Melton O'Dell, M.D. and wife, Carolyn Lee O'Dell, to 237–Acre Bandera Ranch Partnership and duly recorded in Volume 247, Page 716, Real Property Records of Bandera County, Texas, and being additionally secured by a Deed of Trust of even date therewith duly recorded in Volume 247, Page 725, Real Property Records of

Bandera County, Texas. Insofar as that certain 50.82 acre tract is more fully described in that Deed from Fred A. Hannah, Jr., et ux, to David Melton O'Dell, Sr., et ux, dated December 27, 1982, recorded in Volume 218, Page 463, Deed Records of Bandera County, Texas, *the liens securing the payment of this entire note of $570,000.00 shall be and remain secondary and inferior to the liens securing the hereinabove described $191,303.14 promissory note payable to David Melton O'Dell, M.D. and wife, Carolyn Lee O'Dell.* It is hereby expressly stipulated that should default be made in the payment of said $191,303.14 note, or any part thereof, principal or interest, as the same shall become due and payable, or in any of the covenants of the deed of Trust securing same, the *entire* indebtedness evidenced by this $570,000.00 note, at the option of the holder hereof, shall at once become due and payable. (emphasis added)

The language in this $570,000.00 note to the First National Bank of Kerrville clearly recognized the third and superior lien of O'Dell in the ranch property. Furthermore, the foreclosure provisions failed to contain the 15 day notice by registered mail prior to declaring the entire note due and payable.

However, First National Bank of Kerrville argues in its brief, and its argument is supported by the affidavit of the bank officer filed in the trial court in support of its Motion for Summary Judgment, that proceeds of the $570,000.00 loan were used to pay off the first and second lien notes, despite language in Exhibit B, an attachment to and made a part of the Deed of Trust executed by the partnership, securing the $570,000.00 note. Exhibit B reads, immediately after fully describing the first and second lien notes:

The hereinabove described liens are hereby expressly acknowledged by Grantors as valid and subsisting liens against the property herein described, (which said notes, together with the liens securing same, have been duly assigned and transferred to FIRST NATIONAL BANK OF

KERRVILLE), and it is expressly agreed that said liens are hereby renewed, extended and continued in full force and effect to secure the payment of the Note hereby secured.

The note hereby secured further represents and is given for the sum of $380,-911.05, this date advanced and paid in cash by FIRST NATIONAL BANK OF KERRVILLE to the Grantors herein at the special instance and request, the receipt of which is hereby acknowledged by them.

The language of the Deed of Trust continues and incorporates the same language as was contained in the promissory note as to the lien created by the instrument being inferior and secondary to the O'Dell lien.

The question presented is whether the transaction was in fact a renewal and extension of the first and second lien notes, as recited in the loan documents, or the payment of the first and second lien notes, as argued by the bank.

Next we examine the Substitute Trustee's Deed conveying the ranch to First National Bank of Kerrville as a result of the First National Bank of Kerrville's bid of $195,000.00 for the ranch at the foreclosure sale. The Trustee's Deed, reciting the usual notice provisions[5] purports to sell the ranch at private sale under the provisions of the Deed of Trust given July 3, 1986, by the partnership after default in the payments of the note by the partnership.

■ We accept the bank's arguments and the summary judgment evidence that the first and second lien notes were paid from the proceeds of its $570,000.00 note. When these notes were paid, the mortgage lien securing them ceased to exist. A mortgage can have no legal effect apart from the debt or obligation which it is designed to secure, thus on the payment of the debt, the mortgage ceases to exist. *See Teas v. Republic Nat'l Bank*, 460 S.W.2d 233, 243 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.); *Texas Bank &*

*Trust Co. v. Custom Leasing, Inc.*, 402 S.W.2d 926 (Tex.Civ.App.—Amarillo 1966, no writ); *Spencer–Sauer Lumber Co. v. Ballard*, 98 S.W.2d 1054 (Tex.Civ.App.—San Antonio 1936, no writ).

■ We conclude that upon payment of the first and second lien notes, O'Dell's third lien ripened into a first lien, leaving the bank in an inferior position as a junior lien holder to O'Dell. Thus, the foreclosure sale held by the bank on August 4, 1987, was the foreclosure of a junior mortgage, and had no force and effect as far as O'Dell's position is concerned.

Appellant's first point of error is sustained.

### SECOND, THIRD, AND FOURTH POINTS OF ERROR

O'Dell argues in his second point of error:

> that the Trial Court erred in denying Appellant's Motion for Partial Summary Judgment for the reason that Appellant's non-judicial foreclosure on November 3, 1987, extinguished Appellee Bank's inferior lien position in the ranch,

and in his third point of error:

> that the Trial Court erred in granting Appellee's Motion for Summary Judgment for the reason that refusal to set aside the Trustee's Sale conducted by Appellees on August 4, 1987, was a clear abuse of discretion in violation of equitable principles,

and in his fourth point of error:

> that the Trial Court erred in denying Appellant's Motion for Partial Summary Judgment for the reason that refusal to set aside the Trustee's Sale conducted by Appellees on August 4, 1987, was a clear abuse of discretion in violation of equitable principles.

In light of our opinion under point of error number one, Appellant's second, third, and fourth points of error are sustained.

---

**5.** None of the notice provisions in the first and second lien deeds of trust provided for 15 day notice by registered mail.

We decline to address Appellant's additional points of error.

The judgment of the trial court is reversed, and judgment is here rendered that the foreclosure sale of the ranch property in question conducted by the Substitute Trustee of First National Bank of Kerrville on August 4, 1987, is hereby set aside and held for naught, and the Substitute Trustee's Deed filed of record in Volume 0297 at page 466 of the Bandera County Deed Records in favor of First National Bank of Kerrville of the ranch property is hereby declared void and of no force and effect.

The foreclosure sale conducted by the Substitute Trustee on November 3, 1987, for David Melton O'Dell, is held to be valid and proper and the Substitute Trustee's Deed, filed of record in Volume 0301, at page 445 of the Bandera County Deed Records vested title to the ranch property in question in David Melton O'Dell, and extinguished the rights of First National Bank of Kerrville.

All costs of court herein incurred are assessed against First National Bank of Kerrville and William Michael Childers, Trustee.

CADENA, C.J., not participating.