NO. 07-02-0252-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 22, 2003
_____

JAMIE BENITEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-438,832; HON. JIM BOB DARNELL, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Jamie Benitez challenges his conviction of manslaughter by contending 1) the trial court erred in overruling his objection to the inclusion of an instruction on manslaughter in the jury charge, 2) the evidence is legally and factually insufficient to support the jury verdict of manslaughter, and 3) the trial court erred in admitting extraneous offense evidence which affected his substantial rights. We affirm the judgment of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

## Background

During the early morning of April 25, 2001, appellant and his brother Jacky Benitez (Jacky) went to a bar called Cherokee's and met Dorothy Cantu Guzman (Dorothy) whom Jacky was dating, her niece Ashley Gomez (Ashley), and Dorothy's friend Eloida. They drank some beer, and when the bar closed, Jacky, Dorothy, and Ashley drove Eloida home. They stayed at Eloida's house for a while where appellant later joined them. Then Jacky, Dorothy, and appellant left to take Ashley to a friend's apartment. Ashley's friend was not at home, so they drove to a house that belonged to appellant's uncle. Jacky, Dorothy, and appellant all got out of the car while they were at that residence. After a while, the group left to take Ashley to her father's house. Jacky was driving with Dorothy in the front seat, appellant behind Jacky, and Ashley sitting behind Dorothy. At some time during all of this driving around, appellant and Jacky began to argue.[2] While on the way to Ashley's father's house, Jacky stopped the car and told appellant to get out. Appellant did not seem to want to get out, but Jacky got out and opened the door for him. Appellant then got out and the two continued to argue. Appellant shot Jacky with a gun, and Jacky later died as a result of the wound. Four shell casings were found at the scene.

Appellant was indicted for the offense of murder, i.e. intentionally and knowingly causing the death of an individual. However, the jury was also instructed on the lesser-included offenses of manslaughter and criminally negligent homicide. The jury found appellant guilty of manslaughter.

---

[2]There is evidence that appellant and Jacky had a contentious relationship, and they argued frequently.

### *Issue One - Instruction on Lesser-Included Offense*

In his first issue, appellant complains that the trial court erred in overruling his objection to the charge on the lesser-included offense of manslaughter. He argues that there is no evidence that if he is guilty, he is guilty only of manslaughter, i.e. acting recklessly. We overrule the issue.

In this instance, appellant initially requested that the instructions on the lesser-included offenses of manslaughter and criminally negligent homicide be removed from the charge while the State requested the inclusion of the instruction on manslaughter.[3] When appellant made his more formal objection, he only objected to the instruction on manslaughter on the basis that manslaughter was mutually exclusive of his primary defense of self-defense[4] and would serve to confuse the jury. At the time the court overruled his objection, appellant then requested that the instruction on criminally negligent homicide also be included in the charge.

An instruction on a lesser-included offense is proper when 1) the lesser-included offense is included within the proof necessary to establish the offense charged and 2) some evidence exists in the record that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State,* 855 S.W.2d

---

[3] The State is equally entitled to seek a charge on a lesser offense when it feels that the proof has fallen short of proving the charged offense. *Ford v. State,* 38 S.W.3d 836, 840 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd).

[4] There is no evidence that Jacky was carrying a weapon on the night he was shot by appellant. However, there is evidence that Jacky was larger than appellant and had won some boxing contests.

666, 672-73 (Tex. Crim. App.), *cert. denied,* 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). To satisfy the second requirement, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *Bignall v. State,* 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Instead, there must be some evidence directly germane to the lesser offense meaning that there must be evidence affirmatively showing that appellant only committed the lesser offense. *Id.* That evidence may come from any source, *Lugo v. State,* 667 S.W.2d 144, 147 (Tex. Crim. App. 1984), and anything more than a scintilla of evidence is sufficient to entitle a party to a charge on a lesser-included offense. *Ferrel v. State,* 55 S.W.3d 586, 589 (Tex. Crim. App. 2001); *Means v. State,* 955 S.W.2d 686, 691 (Tex. App.--Amarillo 1997, pet. ref'd, untimely filed). Negating an element of the greater offense or presenting testimony subject to differing interpretations when one interpretation supports the lesser offense are two ways of satisfying the burden. *Schweinle v. State,* 915 S.W.2d 17, 19 (Tex. Crim. App. 1996). Further, it does not matter whether that evidence is credible, controverted, or in conflict with other evidence. *Moore v. State,* 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

Finally, when determining whether the State was entitled to the charge on manslaughter, we must view the evidence in the light most favorable to the requesting party. *Granger v. State,* 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). Further, the instruction may be submitted even over the defendant's objection, assuming evidence supports its submission. *Willis v. State*, 761 S.W.2d 434, 435-36 (Tex. App.–Houston [14th Dist.] 1988, pet. ref'd).

Here, appellant was charged with intentionally and knowingly causing the death of Jacky. TEX. PEN. CODE ANN. §19.02(b)(1) (Vernon 2003). A person commits manslaughter if he recklessly causes the death of an individual. *Id.* §19.04. A person acts recklessly with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. *Id.* §6.03(c). That risk must be of such a nature and degree that its disregard is a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. *Id.* Also, manslaughter is a lesser-included offense of murder because it requires a less culpable mental state. TEX. CODE CRIM. PROC. ANN. art. 37.09 (3) (Vernon 1981); *see also Moore v. State,* 969 S.W.2d 4, 9 -10 (Tex. Crim. App. 1998). The obligation to submit an instruction on this particular lesser-included offense arises when the record contains some evidence that the defendant did not intend the resulting death nor knew that it was reasonably certain to occur. *Jones v. State,* 963 S.W.2d 177, 180 (Tex. App.–Fort Worth 1998, pet. ref'd).

Next, appellant did not testify, but gave a written statement to police, which was admitted into evidence. In that statement, he said that Jacky was going to "come at [him]," and he admitted firing the gun. However, he also stated that he "didn't put the gun straight up" but held it and "fired it down." Appellant further said that he believed his brother was "gonna chase [him] down"; so, he shot at the victim's foot "to stop him." He also professed that the shooting was not "premeditated," that he did not want to shoot his brother, that he did not know Jacky was shot, and that he fired towards the ground and Jacky's foot only to stop Jacky from chasing him. Approximately four shots were fired. The police verified

5

that there were three gouges in the pavement, indicating that someone had shot into the ground. An officer also testified that the recoil from four bullets shot in rapid succession would cause the weapon's aim or bullet's trajectory to rise. The foregoing is some evidence from which a jury could reasonably infer that appellant fired at the ground to scare or warn Jacky and that he did so without the mens rea to commit murder (*i.e.* intentional or knowing). Thus, there was more than a scintilla of evidence from which a rational jury could conclude that if appellant was guilty, he was guilty only of the lesser offense.

Appellant argues that since he was pursuing the claim of self-defense, the trial court could not submit the instruction on manslaughter. This is allegedly so because one cannot act accidentally or recklessly in self-defense. While authority holds this to be true, *e.g., Martinez v. State*, 16 S.W.3d 845, 848 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd), *Avila v. State*, 954 S.W.2d 830, 843 (Tex. App.--El Paso 1997, pet. ref'd), *Johnson v. State*, 915 S.W.2d 653, 659 (Tex. App.--Houston [14th Dist.] 1996, pet. ref'd), it is also true that if some evidence appears of record supporting the submission of both self-defense and manslaughter, then the trial court may submit both issues to the jury. *O'Brien v. State*, 89 S.W.3d 753, 755-56 (Tex. App.–Houston [1st Dist.] 2002, no pet.); *accord*, *Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (stating that if there is evidence which raises a lesser-included offense, an instruction on the lesser offense should be given even if the evidence does not fit in with the larger theme of the defendant's testimony).[5]

---

[5]There are also cases in which it has been held that recklessness is raised even though the defendant consciously pulled the trigger of a gun. *See Bell v. State,* 693 S.W.2d 434, 443-44 (Tex. Crim. App. 1985) (the defendant said he fired four shots in the air to scare someone although the shots went into an occupied trailer); *Johnson v. State,* 828 S.W.2d 511, 514 - 15 (Tex. App.--Waco 1992, pet. ref'd) (the defendant shot twice while wrestling with the victim); *Mullins v. State,* 767 S.W.2d 166, 169-70 (Tex. App.--

Moreover, *Martinez*, *Avila*, and the others are distinguishable since the records there did not contain some evidence of recklessness. *O'Brien v. State*, 89 S.W.3d at 756.

### Issues Two and Three - Sufficiency of the Evidence

In his second and third issues, appellant complains that the evidence is neither legally nor factually sufficient to support the jury's verdict. We overrule the issues.

The standards of review applicable to determining whether the evidence is legally and factually sufficient to support a conviction are well-settled. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600, 601 (Tex. Crim. App. 2003), *Zuliani v. State,* 97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000) for explanation. Further, we have already iterated the elements required to prove the offense of manslaughter as well as the evidence regarding the issue of recklessness.

Recklessness and danger are presumed if a defendant knowingly points a firearm at or in the direction of another. TEX. PEN. CODE ANN. §22.05(c) (Vernon 2003). In this instance, and as discussed in the preceding issue, there is some evidence that appellant acted recklessly in causing the death of Jacky. That evidence also would permit a rational jury to conclude, beyond reasonable doubt, that though appellant aimed in his brother's direction and fired, he did not intentionally or knowingly cause his death. Furthermore, neither conclusion would be manifestly unjust or against the evidence of record. Accordingly, the verdict enjoys both legally and factually sufficient support.

---

Houston [1st Dist.] 1988, pet. ref'd) (the jury could have inferred the defendant recklessly fired a warning shot intended to hit a vacant apartment); *Hernandez v. State,* 742 S.W.2d 841, 843 (Tex. App.–Corpus Christi 1987, no pet.) (the defendant testified he merely tried to scare the victim away).

### *Issues Four and Five - Extraneous Offense*

Via his fourth and fifth issues, appellant argues that the trial court erred in overruling his objection under Rule 403 of the Rules of Evidence to the admission of evidence regarding an extraneous offense which affected his substantial rights. We overrule the issues.

The evidence appellant complains of is testimony from Anna Martinez (Anna), a former girlfriend of appellant who was dating Jacky at the time of his death. According to Anna, appellant threatened her around 2:00 a.m. on April 25, 2001, by telling her that she was going to end up dead since she was "disrespecting" him. Then, he patted what appeared to her to be the outline of a gun under his shirt. Appellant objected to this evidence on the basis that its probative value was substantially outweighed by its prejudicial value.

Assuming *arguendo*, that the admission of this testimony was erroneous, we find the purported error harmless. As acknowledged by appellant in his brief, the State proffered the evidence to rebut his claim of self-defense. That is, the evidence was tendered in an effort to show that appellant intended to kill those who "disrespected" him, which, according to appellant, Jacky did on the night of the shooting. Furthermore, the trial court restricted its consideration to the issue of intent. Yet, the jury did not find that appellant intentionally or knowingly murdered his brother. That is, it did not find that he acted with the mens rea supposedly evinced by the threat to Anna. Instead, the jury found he acted recklessly when he pointed the gun towards the ground and shot in the direction of Jacky's foot. Thus, the jury either discredited the purportedly inadmissible testimony or

8

found it unpersuasive.  Given this, we cannot say that the evidence had any influence on the verdict much less the substantial influence required by Rule of Appellate Procedure 44.2(b) to illustrate harm.

Accordingly, the judgment of the trial court is affirmed.


Per Curiam

Do not publish.