NO. 07-05-0109-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 12, 2006

_____

DONALD HICKS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408,202; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Donald Hicks appeals his conviction for burglary of a habitation with intent to commit theft. Through two issues, he contends that the trial court erred in failing to 1) give an instruction on the lesser-included offense of burglary of a building, and 2) grant a mistrial after illegally obtained evidence was admitted during the punishment phase. We affirm the judgment.

*Background*

The record illustrates that appellant burglarized rental property leased to a young lady as a residence. The owner described the property as "a home like all of the other homes in Lubbock," with a bathroom, kitchen and roof. It was a structure "meant for someone to live in," she continued. So too was it wired for electricity. And, while the gas to the heater had been turned off due to the presence of a carbon monoxide leak, the property owner testified that this condition did not affect the "hot water heater or anything else." The matter was also "turned . . . over to [the] plumber . . . and he took care of it," she continued.

At the time of the burglary, the house was vacant, though several weeks remained in the lease term. Apparently, the tenant had decided to return home and live with her parents. She had also removed her furnishings and personalty from it. Given this circumstance, the owner was attempting to re-let the property to others and had recently met a prospective tenant at the locale for that purpose.

*Issue 1 - Lesser-Included Offense*

In his first issue, appellant attacks the trial court's failure to instruct the jury on the offense of burglarizing a building. Such an instruction was mandated because it purportedly constituted a lesser-included offense of burglarizing a habitation and the evidence warranted its submission. We disagree and overrule the issue.

An instruction on a lesser-included offense is proper when 1) the lesser-included offense is included within the proof necessary to establish the offense charged, and 2) some evidence exists in the record that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State,* 855 S.W.2d

2

666, 672-73 (Tex. Crim. App. 1993). To satisfy the second requirement, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *Bignall v. State,* 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). There must be some evidence directly germane to the lesser offense affirmatively showing that appellant committed only the lesser offense. *Id.* Finally, anything more than a scintilla of evidence is sufficient to entitle a party to the charge. *Ferrel v. State,* 55 S.W.3d 586, 589 (Tex. Crim. App. 2001).

The Court of Criminal Appeals has recognized that burglary of a building may be a lesser-included offense of burglarizing a habitation. *See Jones v. State*, 532 S.W.2d 596, 601 (Tex. Crim. App. 1976), *overruled on other grounds by Moss v. State,* 574 S.W.2d 542 (Tex. Crim. App. 1978) (recognizing that it can be). Yet, as stated above, there also must be evidence of record affirmatively showing that appellant burglarized only a building as opposed to a habitation before establishing his entitlement to the instruction in question. And, according to appellant, that data consisted of "no evidence of live utilities, no person living in [the house] at the time in question and no furnishings, bedding or other items common to overnight accommodations."[1] One cannot dispute that these indicia are pertinent in determining whether a structure constitutes a building as opposed to a habitation.[2] They are some of a group worthy of consideration. Indeed, our Court of Criminal Appeals directed that an amalgam of indicia be assessed such as 1) whether the

---

[1] The representation that the abode lacked "live utilities" is unfounded. The home was wired for electricity and no one testified that it had been disconnected or was otherwise inoperative. Nor did anyone state that the gas or water had been disconnected. At best, it appeared that the gas to the heater had been turned off temporarily. That problem was remedied by a plumber, however, and it "really didn't affect the hot water heater or anything else."

[2] Statute defines a habitation "as a structure or vehicle that is adapted for the overnight accommodation of persons . . . ." TEX. PEN. CODE ANN. §30.01(a) (Vernon 2003). In turn, a building is "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." *Id.* §30.01(2).

3

facility was being used as a residence at the time of the offense, 2) whether it contained bedding, furniture, utilities, or other belongings common to a residence, and 3) whether it was of a character "that it was probably intended to accommodate persons overnight . . . ." *Blankenship v. State*, 780 S.W.2d 198, 209 (Tex. Crim. App. 1989).[3] While "[a]ll of these factors are relevant," "none are essential or necessarily dispositive," according to the court. *Id.* And, therein lies the resolution to the dispute before us.

It may be that the home was vacant and lacked furnishings. Yet, that alone did not render the abode something other than "a structure or vehicle that is adapted for the overnight accommodation of persons." TEX. PEN. CODE ANN. §30.01(a) (Vernon 2003) (so defining a habitation). Again, no indicia is essential or necessarily dispositive. *Blankenship v. State*, 780 S.W.2d at 209; *see In re E.P.*, 963 S.W.2d 191, 193 (Tex. App.–Austin 1998, no pet.) (holding that the apartment was not a building simply because it was vacant, given the other indicia present). Furthermore, no other evidence appears of record suggesting that the structure lacked the status as a habitation. Rather, the evidence addressing whether the abode was used as a residence or had a character illustrating that it was probably intended to accommodate people overnight depicted the structure to be a habitation rather than a building. For instance, the owner considered the place as a house like other houses in Lubbock, and it was "meant to be lived in." Not only was it wired for electricity but also plumbed for water and gas. So too did it have a kitchen, bathroom, water heater, heater, and roof. These indicia are akin to those in *Blankenship* and,

_____

[3]The issue in *Blankenship* differed from that involved here. We are concerned with whether the evidence entitled appellant to an instruction on a lesser-included offense. In *Blankenship*, the court was concerned with whether legally sufficient evidence supported the jury's verdict. And, while resolution of each may depend upon the definitions attributed to the words habitation and building, the tests to be applied differ.

4

according to that court, sufficed to establish the locale was a habitation. Additionally, though it may have been vacant, the house was in the process of being re-leased.

Consideration of all the *Blankenship* criteria seems only imperative in a situation like that before us. This is so because evidence cannot be taken out of context to determine an appellant's entitlement to an instruction on a lesser-included offense. *Prewitt v. State,* 133 S.W.3d 860, 863 (Tex. App.–Amarillo 2004, pet. ref'd). So, given the directive in *Blankenship* that no one factor is essential or necessarily dispositive, we can only but conclude that the relevant context for purposes of assessing whether a structure is a building or a habitation is the totality of the *Blankenship* criteria. In other words, it is not enough to simply pluck one indicia and use it as basis for justifying the submission of the charge sought by appellant here. Instead, the issue calls for all to be addressed.

Simply put, the minimal evidence cited by appellant (even if accepted as true) did not alone permit a rational factfinder to conclude that if he burglarized anything it was only a building and not a habitation. The abode could be vacant and without furnishings and still be a habitation. *See Hunt v. State*, No. 13-01-0243-CR, 2002 Tex. App. LEXIS 2780 at *11-12 (Tex. App.–Corpus Christi April 18, 2002, no pet.) (not designated for publication) (holding that the appellant was not entitled to an instruction on the lesser-included offense of burglarizing a building even though he believed the house was abandoned, the owner had not occupied it for several months given its need for repair, at least one room within it was empty, and portions of it were boarded); *Mathes v. State*, No. 14-93-0311-CR, 1995 Tex. App. LEXIS 2180 at *3-5 (Tex. App.–Houston [14th Dist.] September 7, 1995, no pet.) (not designated for publication) (holding that the appellant was not entitled to the

instruction although the house apparently was vacant at the time of but had been lived in one year before the burglary).

*Issue Two – Mistrial*

Next, appellant contends that the trial court erred in not granting him a mistrial during the punishment phase of the trial due to the admission of evidence (drugs) purportedly obtained through illegal means. We overrule the issue for two reasons.

First, the record discloses that appellant withheld all objection to the evidence until the State finished its examination of the witness through which the evidence was proffered. By that time, the State not only illustrated how the evidence was obtained but also of what it consisted. Appellant attempts to justify the delay by contending that he did not know of the evidence's inadmissibility until he questioned the witness on voir dire. At that time, he purportedly discovered that the reason for the stop mentioned by the officer in his written report (*i.e.* traffic violation) differed from that uttered at trial (*i.e.* witnessing what he believed to be a narcotics transaction). Yet, one need only read the record to discover that the purported difference became apparent early in the officer's testimony and long before he described the fruits of his search. For instance, the reasons given by the officer at trial to justify the stop were propounded in response to the 19th question asked by the State during its direct examination of the witness. Assuming that appellant had the officer's written report (as appellant informed the court that he did), then he was in a position to compare that response with the contents of the report. At that point the difference could have been uncovered, and effort could have been made to develop the matter and exclude the testimony. Instead, appellant remained silent and allowed the State to propound an additional 40 plus questions about the event and the contraband discovered. Only after

6

the prosecutor had passed the witness to appellant for cross-examination did the appellant request leave to interrogate the witness outside the jury's presence. By that time, the jury had heard (without objection) all that which appellant hoped to exclude. Given the delay of appellant when the potential grounds for objection had become apparent much earlier, he cannot be heard to complain about the trial court's refusal to grant him a mistrial.[4] *Routier v. State,* 112 S.W.3d 554, 575 (Tex. Crim. App. 2003) (holding that unless an objection is uttered at the earliest opportunity, it is waived).

Second, the record also reveals that the trial court directed the jurors to disregard the evidence in question immediately before the litigants began their summations. Authority requires us to presume that they heeded the admonishment. *Gardner v. State,* 730 S.W.2d 675, 696 (Tex. Crim. App. 1987). Moreover, we find no reason to deviate from that rule especially since the evidence in question was redundant of other crimes (*e.g.*, three prior felony convictions for the possession or delivery of controlled substances) committed by appellant and admitted to at trial.

The judgment is affirmed.


Brian Quinn
Chief Justice

Publish.

---

[4]The record also reveals that the trial court deemed the objection untimely.

7