# NO. 12-13-00261-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CRAIG BYRON THARP,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Craig Byron Tharp appeals his conviction for criminal trespass of a habitation. In his sole issue on appeal, Appellant contends the trial court abused its discretion by denying his motion for new trial. We affirm.

## BACKGROUND

Appellant was charged by information with criminal trespass of a habitation. Appellant entered an open plea of "guilty" to the offense charged. Appellant and his counsel signed a document entitled "Plea Admonishments in Writing" in connection with his guilty plea. At the plea hearing, the State presented, in narrative form, the evidence that formed the basis of the offense. The trial court adjudged Appellant "guilty," and after a punishment hearing, assessed his sentence at one hundred days of confinement in the county jail and a $1,000 fine. Appellant filed a motion for new trial. After a hearing, the trial court denied Appellant's motion. This appeal followed.

## MOTION FOR NEW TRIAL

In his sole issue on appeal, Appellant contends that the trial court abused its discretion by denying his motion for new trial.

**Standard of Review**

An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial judge's opinion was clearly erroneous and arbitrary. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012); *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). A trial court abuses its discretion if no reasonable view of the record could support its ruling. *Riley*, 378 S.W.3d at 457. This requires the appellate court to view the evidence in the light most favorable to the trial court's ruling. *Id.* The appellate court must not substitute its own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* The trial court, as factfinder, is the sole judge of witness credibility at a hearing on a motion for new trial with respect to both live testimony and affidavits. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). In the absence of express findings, as here, we presume that the trial court made all findings, express and implied, in favor of the prevailing party. *Id.*

**Applicable Law**

A person commits the offense of criminal trespass of a habitation if he enters or remains in the habitation of another without effective consent, and the person had notice that the entry was forbidden. *See* TEX. PENAL CODE ANN. § 30.05(a), (d)(3)(A)(i) (West Supp. 2013). "Habitation" means a structure that is adapted for the overnight accommodation of persons. *See* TEX. PENAL CODE ANN. § 30.01(1) (West 2011). A habitation inherently provides notice that entry is forbidden. *Salazar v. State*, 284 S.W.3d 874, 878 (Tex. Crim. App. 2009).

The most significant element of the definition of a habitation is the adaptation "for the overnight accommodation of persons." *Id.* at 877. "What makes a structure 'suitable' or 'not suitable' for overnight accommodation is a complex, subjective factual question fit for a [fact finder's] determination." *Blankenship v. State*, 780 S.W.2d 198, 209 (Tex. Crim. App. 1989) (op. on reh'g). The inquiry could be guided by reference to whether someone was using the structure as a residence at the time of the offense; whether the structure contained bedding, furniture, utilities, or other belongings common to a residential structure; and whether the structure is of such a character that it was probably intended to accommodate persons overnight (e.g. house, apartment, condominium, sleeping car, mobile home, house trailer). *Id.* All of these factors are relevant; none are essential or necessarily dispositive. *Id.* The determination of whether a place is a habitation will be overturned on appeal only if the defendant can show that

2

no reasonable trier of fact could have found the place to have been a habitation under the criteria above. *Id.* at 209-10.

**The Evidence**

At the hearing on the motion for new trial, Barry Fielder testified that since approximately October 2004, his first cousin, Patricia Money, had owned the house that Appellant allegedly entered. He denied that Appellant had permission to be on the property. Fielder testified that no one had lived in the house since October 2004, and that it had been "robbed" many times. The water and electricity had been turned off, and there had been no utilities to the house for at least two years. The copper pipes had been stolen, and the wiring leading from the meter to the house had also been stolen. However, the water and electricity accounts had not been cancelled.

Fielder testified there was furniture in the house including a couch in the living room, a bed in each of the three bedrooms, and a wood-burning stove. The roof was damaged, and there was water damage on the south side of the house. Fielder testified that he could live in the house "right now," and that it was a "livable" house. He acknowledged that the water and electricity would have to be hooked up, some minor plumbing work and extensive electrical work would have to be done, and copper tubing for the gas would have to be installed. However, he said, the doors and windows were intact, except for window panes that had been broken by other intruders in order to unlock the door.

Fielder agreed that if someone looked at the house, they would conclude that it was unoccupied, had been unoccupied for a long time, and was abandoned. The photographs admitted into evidence appear to be taken from the road in front of the house, and depict a frame house with an intact roof and exterior walls and a heavily overgrown yard. None of the photographs show the interior of the house or the need for wiring and plumbing repairs and the installation of copper tubing for gas.

Appellant testified that he went to the house because someone stated that it might be for sale, and he was interested in buying or renovating a house. He described it as a two story house that was abandoned, overgrown, and "falling down." He did not see a "no trespassing" sign on the property or any fencing or other enclosure designed to exclude intruders. The door that opened to the garage was open when Appellant arrived, and he was standing in the carport or driveway when he heard a noise. Then, he "holler[ed]" to see if anyone was there. Appellant

admitted that he was, "in a way," seeking permission to enter the house. However, he said, he did not know it was wrong to enter the house because it was abandoned.

**Analysis**

In his brief, Appellant argues that he had no statutory notice that entry into the structure was forbidden, and that the structure was not a habitation. He concedes, however, that if the structure was a habitation, he had notice that entry was forbidden. *See Salazar*, 284 S.W.3d at 878.

The evidence showed that the structure was vacant, but contained furniture including a couch, beds, and a wood-burning stove. The doors and windows were intact even though a few window panes had been broken. The water and electricity had been turned off and major work would have to be performed in order for the house to have utilities, including gas. Nonetheless, Fielder stated that the water and electricity accounts had not been cancelled, and opined that he could live in the house "right now." Photographs of the structure depicted a frame house with an intact roof and exterior walls.

In applying the relevant factors from *Blankenship*, courts have found structures to be habitations that were vacant and unfurnished, but the utilities were, or could have been, connected. *See Hicks v. State*, 204 S.W.3d 505, 507 (Tex. App.—Amarillo 2006, no pet.) (structure vacant and unfurnished, but contained wiring and plumbing); *Hollander v. State*, No. 09-05-00448-CR, 2006 WL 2623279, at *2-3 (Tex. App.—Beaumont Sept. 13, 2006, pet. ref'd) (mem. op., not designated for publication) (structure vacant and unfurnished, but contained "hook ups" for water and electricity that may not have been turned on or working). An unoccupied structure undergoing repairs was held to be a habitation where the evidence showed that it was wired for electricity, had water available, and bedroom and living room furniture and kitchen items were inside the house. *See Hunt v. State*, No. 13-01-00243-CR, 2002 WL 34249726, at *2-3 (Tex. App.—Corpus Christi Apr. 18, 2002, no pet.) (not designated for publication). Similar to these cases, the structure in question contained furniture in the living room and bedrooms, had water, electricity, and gas available if repairs were performed, and had an intact roof, walls, doors, and windows.

From this evidence, the trial court reasonably could have determined that the structure in question was a habitation. TEX. PENAL CODE ANN. § 30.01(1); s*ee Blankenship*, 780 S.W.2d at 209. Because the structure was a habitation, Appellant had notice that entry was forbidden. *See*

4

*Salazar*, 284 S.W.3d at 878.  Therefore, the trial court did not abuse its discretion by denying Appellant's motion for new trial.  *See **Riley***, 378 S.W.3d at 457; ***Holden***, 201 S.W.3d at 763. Accordingly, Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue on appeal, we ***affirm*** the judgment of the trial court.

SAM GRIFFITH
Justice

Opinion delivered July 23, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 23, 2014

NO. 12-13-00261-CR

**CRAIG BYRON THARP,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No. 2

of Smith County, Texas (Tr.Ct.No. 002-83945-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*