ACCEPTED
03-15-00239-CR
8034273
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/1/2015 2:06:38 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00239-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

12/1/2015 2:06:38 PM

JEFFREY D. KYLE
Clerk

********

# TRACY LARANCE GORDON

## VS.

# THE STATE OF TEXAS
********

ON APPEAL FROM THE 264th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 71,325

******

## STATE'S BRIEF
******

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

*Oral Argument Not Requested*

# TABLE OF CONTENTS

**ITEM**                                                                 **PAGE**

Index of Authorities ............................................................................   3

Statement Regarding Oral Argument ...............................................   4

Statement of the Case ........................................................................   4

Statement of Facts .............................................................................   5

Summary of State's Argument ..........................................................   7

Argument and Authorities .................................................................   7

    First Issue on Appeal ...................................................................   7
        EVIDENCE SUFFICIENT TO SUPPORT TRIAL
        COURT'S FINDING OF A HABITATION?

        Standard of Review ...........................................................   8

        Application and Analysis ..................................................   9

Prayer ................................................................................................   14

Certificate of Compliance with Rule 9 .............................................   15

Certificate of Service ........................................................................   15

# INDEX OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Blankenship v. State*, 780 S.W.2d 198 ............................................. 9-11, 13
    (Tx. Cr. App. 1988) op. on rehg

*Brooks v. State,* 323 S.W. 3d 893 (Tx. Cr. App. 2010) ....................... 8

*Hicks v. State,* 204 S.W.3d 505 ......................................................... 11-12
    (Tx. App. Amarillo 7th Dist. 2006 no pet.)

*Hollander v. State*, No. 09-05-448-CR, ............................................. 12
    2006 Tex. App. LEXIS 8125 (Tx. App. Beaumont 9th
    Dist. 2006 rev. ref.), not designated for publication).

*Isassi v. State*, 330 S.W.3d 633 (Tx. Cr. App. 2010) ........................ 8

*Jackson v. Virginia*, 443 U.S. 307 (1979) ........................................... 8-9, 13

*Jones v. State*, 532 S.W. 2d 596 (Tx. Cr. App. 1976) ........................ 13

*Williams v. State*, 235 S.W. 3d 742 (Tx. Cr. App. 2007) ................... 8


**OTHER**


*Texas Penal Code*

    Section 30.01(1) ........................................................................ 9

    Section 30.01(2) ........................................................................ 9

    Section 30.02 ............................................................................. 9

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

The Appellant, Tracy Larance Gordon, was charged by indictment with the offense of burglary of a habitation. (CR-4). The State filed its Amended Notice to Enhance Punishment Range alleging in paragraphs two through six previous felony convictions for the purpose of enhancement of punishment. (CR-25).

The Appellant waived a trial by jury and entered a plea of not guilty to the offense charged before Judge Martha J. Trudo. (CR-35; RR5, 6). At the conclusion of the evidence the trial court found the Appellant guilty as charged in the indictment. (CR-50; RR6-71).

The Appellant entered pleas of true to the allegations in paragraphs one, two, three, four, and six of the amended notice of enhancement, the State having waived and abandoned paragraph five. (RR6-73). The court found the enhancement allegations true and assessed punishment at life in the Texas Department of Criminal Justice. (CR-50; RR7-41).

The Appellant gave timely notice of appeal (CR-43) and the trial court certified his right to do so. (CR-42).

## STATEMENT OF FACTS

The Appellant does not challenge the sufficiency of the evidence to find him guilty of the offense of burglary, but only whether the trial court erred in finding the building burglarized was a habitation.

The house in this case was a 4 bedroom, 2½ bath residential structure that included a kitchen, formal and informal dining rooms, a study, a living area with fireplace, and game room and a 2 car attached garage. (RR5-8). The sole purpose of the structure was for use as a residence and, in fact, use for any other purpose was prohibited in the development. (RR5-9).

The owners, Ms. Bourgeois and her husband, had resided in that structure from June of 2008 until March of 2011, when they were transferred to Alabama by the military. (RR5-8, 10). From March of 2011 until August of 2012 the owners had rented it as a residence and it was so utilized by the renters during that time. (RR5-10, 11). When the renters moved the owners decided to place the home on the market for sale and listed it with a realtor. (RR5-11).

The realtor, Franklin Adams, described the house as a large 2-story residence with multiple bedrooms and bathrooms that was designed and adapted for overnight accommodation and located in an area zoned only for residential usage. (RR6-28).

When the renters left all the furniture was moved out (RR5-21, 22), however, appliances were left in the kitchen, including a large refrigerator, stove, and dishwasher. (RR5-12). The owners had the utilities turned off by the power and water companies. (RR5-12, 13). They had the lawn carried for every two weeks and the relator frequently checked on the residence pending sale. (RR5-17, 18). The house was certainly neither unkempt nor abandoned. (RR5-17). The owners continued to receive mail at the house until February of 2013 and regarded it as their residence. (RR5-26, 27). A for sale, rent or lease sign was placed on the front lawn. (RR5-11).

The utilities were merely shut off by calls to the providers in order to avoid high summer bills. (RR5-27). There was nothing wrong with them (RR5-13) and could have been reactivated within hours by a simple call to the companies involved. (RR5-18; RR6- 29, 33).

For approximately 7 months, between the listing of the house for sale and the commission of this offense on March 12, 2013, the residence was not physically occupied. (RR5-13, 23).

## SUMMARY OF STATE'S ARGUMENT

The structure was intended for use as a residence and was designed and adapted for the overnight accommodation of persons. It had been consistently used as a residence until listed for sale some months prior to the burglary. It was wired and plumbed for utilities which were readily available. It contained multiple bedrooms, living areas, bathrooms, and a kitchen and was equipped with working appliances. There was sufficient evidence from which the trial court, as fact finder, could reasonably find that it was a habitation as defined by statute.

## ARGUMENT AND AUTHORITIES

### *First Issue on Appeal*

Was the evidence sufficient to support the finding of the trial court that the structure burglarized was a habitation?

***Standard of Review***

Due process of law requires that the State prove, beyond a reasonable doubt, every element of the offense charged in the indictment. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979). In reviewing the sufficiency of the evidence to support the conviction the court must consider all of the evidence in the case in the light most favorable to the verdict in order to determine whether, based upon the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W. 3d 893, 899. (Tx. Cr. App. 2010).

In reviewing the evidence in the light most favorable to the verdict, the court must presume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences from that evidence in a manner that supports the verdict. *Jackson* at 318. The court must consider only whether the fact finder reached a rational decision. *Isassi v. State*, 330 S.W.3d 633, 638 (Tx. Cr. App. 2010).

The weight and credibility of the evidence is solely for the fact finder and the court will not re-evaluate those matters nor substitute its judgment for that of the fact finder. *Isassi* at 638; *Williams v. State*, 235 S.W.3d 742, 750 (Tx. Cr. App. 2007).

Whether the evidence was sufficient to establish that a structure is a habitation must be determined under the *Jackson v. Virginia* standard and the decision of the fact finder will be overturned on appeal only if the Appellant can show that no reasonable fact finder could have found the place to be a habitation. *Blankenship v. State*, 780 S.W.2d 198, 209, 210 (Tx. Cr. App. 1988), op. on rehearing.

### *Application and Analysis*

Section 30.02 of the *Texas Penal Code* provides that burglary of a building is a state jail felony, while burglary of a habitation is a second degree felony. Section 30.01(1) defines "habitation" as a structure or vehicle that is adapted for overnight accommodation of persons. Section 30.01(2) defines "building" as any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament or use.

On rehearing in *Blankenship* the Court of Criminal Appeals explored the question of the sufficiency of the evidence to support a finding that a structure was a habitation. The evidence in that case was that the structure was a rent house on the same tract of land, and about 300 yards away from, the victim's residence. It had not been rented or occupied for about two years at the time of the burglary. It was wired

for electricity, but the power was turned off and there was no meter. Water was available but turned off in the yard. There were some belongings stored in the house and it was equipped with two window air conditioner units. *Blankenship* at 206. Viewing the evidence, as it must, in the light most favorable to the verdict of the fact finder, the Court of Criminal Appeals held that evidence was sufficient to support the finding that the structure was a habitation. The court noted that what makes a structure suitable or unsuitable for overnight accommodation is a complex and subjective determination subject to the fact finder's determination. Thus such factors as whether the structure contained bedding, furniture, utilities, or other belongings common to a residential structure; and whether it was of such a character that it was probably intended to accommodate persons overnight, such as a house, apartment, or the like, are relevant, but none are essential or necessarily dispositive. *Blankenship* at 209.

The Court of Criminal Appeals held that the following evidence was sufficient to support the finding that the structure was a habitation: (1) the house was once lived in by the complainant; (2) it was rented from time to time; (3) it has a living room and two bedrooms; (4) it was wired for electricity and water was readily available; (5) two window

air conditioners were installed; (6) it was only 300 yards from the complainant's residence; (7) it was located along the only driveway giving access to the complainant's residence; (8) it was used to store some of the complainant's belongings; (9) the owner of the house testified that it was adapted for the overnight accommodation of persons. From these facts a reasonable trier of fact could have found that the structure was a habitation as defined in the statute. *Blankenship* at 209.

In *Hicks v. State*, 204 S.W.3d 505 (Tx. App. Amarillo 7th Dist. 2006, no pet), the Court of Appeals applied *Blankenship* to evidence that the house in question was vacant and had been vacant for several weeks. The owner described it as a home that it was meant for someone to live in, with a bathroom, kitchen and roof. It was wired for electricity and plumbed for water and gas. The furnishings had been removed. The owner was attempting to re-let the house at the time of the burglary. The court, citing *Blankenship*, held that the fact that the house was vacant and lacked furnishings, alone, did not render it something other than a habitation. It also noted that the owner had characterized the house as a habitation that was "meant to be lived in" and that it was

wired and plumbed for utilities, and had the usual rooms of a habitation. The evidence as to a habitation was sufficient. *Hicks* at 507-08. See also *Hollander v. State*, No. 09-05-448-CR, 2006 Tex. App. LEXIS 8125 (Tx. App. Beaumont 9th Dist. 2006 rev. ref.), not designated for publication. (Holding that evidence that structure was a mobile home used as residential rental property that was unoccupied and without furniture at the time of the burglary, but had hookups for water and electricity, was sufficient to establish it was a habitation).

In this case the structure was a 4 bedroom, 2½ bath home in a residential area with kitchen, living room, game room, double garage, and study. It was surrounded by other residences. The owner and the realtor testified that it was intended for use as a residence and was adapted for the overnight accommodation of persons. It was wired for electricity and plumbed for water. These utilities could be turned on in a matter of hours by request to the providers. There was no furniture but there were appliances in the kitchen. The only use permitted for the structure in that residential area was as a residence for persons. The owner had occupied the structure for years until being transferred and renters had lived there afterwards. It had only been vacant for about seven months while attempts were made to sell, rent or lease it to

persons to be used as their residence.  There was clearly evidence from which the trial court, as the fact finder, could reasonably have found the house to be a habitation as that term is defined by statute.

The Appellant argues that, in order to be a habitation, the utilities must be connected and functional and that there must be furniture in the bedroom and living room and bathroom.  He states that the absence of these items alone prohibits the structure from being a habitation and urges that vacancy over a long period of time would support that conclusion. See Appellant's Brief at pg. 7.  The Appellant cites *Jones v. State*, 532 S.W.2d 596 (Tx. Cr. App. 1976), which held that a house that was vacant and unfurnished was not within the statutory definition of "habitation", and *Blankenship* as supporting his proposition.  Apparently he relies upon the original opinion in *Blankenship* rather than the opinion on rehearing which reversed that first opinion.  Furthermore, in *Blankenship* the Court of Criminal Appeals expressly overruled *Jones* and its prodigy because it did not comply with the *Jackson* standard as to sufficiency of evidence as to whether or not the structure was a habitation; and erroneously stepped into the role of subjective fact finder creating a definition of habitation that was confusing and not in harmony with the statutory definition. *Blankenship* at 209-10.

Contrary to the Appellant's assertion none of the factors he cites necessarily make the trial court's determination erroneous. The test is not whether those specific factors were not present, but rather whether the trial court could rationally decide that the house was a habitation from the evidence presented. The trial court's determination is entitled to great deference.

## PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 1,979 words.

/s/ *Bob D. Odom*
BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, Troy C. Hurley, Counsel for Appellant, by electronic transfer via Email, addressed to him at: troychurl@aol.com on this 1st day of December, 2015.

/s/ *Bob D. Odom*
BOB D. ODOM
Assistant District Attorney