**Affirmed and Opinion filed October 15, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00272-CR

**JEREMY PATRICK SHAKESNIDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 11-DCR-59007A**

## O P I N I O N

Appellant Jeremy Patrick Shakesnider appeals his conviction for burglary of a habitation. In two issues appellant contends (1) the evidence is insufficient to support his conviction, and (2) the trial court erred in failing to instruct the jury on asserted lesser-included offenses. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The complainant testified that on the day of the offense she parked her car in her

home's garage, leaving the garage door open. Police officers came to her door later in the afternoon and alerted her to a burglary. She looked at her car and noticed a GPS unit was missing from the car's console. Police recovered the GPS and a football that was missing from the complainant's garage from appellant's vehicle.

The complainant's neighbor saw appellant and a co-defendant park in front of the complainant's home the day of the burglary. The two men stepped out of the car and stood in the neighbor's front yard while they put on shirts and shoes. The neighbor saw the men walk around the house and run inside the complainant's garage. The neighbor saw one man open the driver's door and another man open the passenger door of a car in the garage. The neighbor later identified appellant as one of the men he had seen opening the car doors, but the neighbor could not remember which door appellant opened. The neighbor saw appellant and the other man look through the car, then leave and drive away. The neighbor could see that one of the men was carrying a football.

Appellant gave a voluntary statement to the police. The statement, recorded on video, was later played for the jury. Appellant admitted taking a GPS unit from a car that was parked in someone's garage. The jury convicted appellant of burglary of a habitation and assessed punishment at two and a half years' confinement, probated for six years.

## II. ISSUES AND ANALYSIS

### A. Is the evidence sufficient to support appellant's conviction?

In his first issue appellant argues the evidence is insufficient to support his conviction because the State failed to prove he burglarized a habitation. In evaluating a sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.

Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A person commits the offense of burglary of a habitation when that person enters a habitation without the effective consent of the owner with the intent to commit a felony, theft, or assault, or commits or attempts to commit the same. *See* Tex. Penal Code Ann. § 30.02(a)(1), (3) (West 2011). For purposes of the offense of burglary, the Texas Penal Code provides:

> (1) "Habitation" means a structure or vehicle that is adapted for the overnight accommodation of persons, and includes:
>
> (A) each separately secured or occupied portion of the structure or vehicle; and
>
> (B) each structure appurtenant to or connected with the structure or vehicle.

Tex. Penal Code Ann. § 30.01(1)(A) and (B).

Appellant argues the evidence is insufficient to support his conviction for burglary of a habitation because the structure burglarized was a detached garage that was not intended for overnight accommodation. Thus, we must decide whether the complainant's garage is a "structure appurtenant to or connected with" the complainant's residence. "Appurtenant" is defined as "annexed to a more important

3

thing." Black's Law Dictionary 123 (10th ed. 2004). The Fifth Court of Appeals has described a garage as "necessarily connected with the use and enjoyment" of the house, and "secondary" or "incident to" the principal building, the house. *See Jones v. State*, 690 S.W.2d 318, 319 (Tex. App.—Dallas 1985, pet. ref'd).

The complainant testified that her garage is approximately nine to ten steps from her house and is fully enclosed. The complainant stores in her garage items that she cannot store in her house. She considers her garage to be part of her home. Photographs admitted into evidence reflect that the garage is attached to the house by a roof over the breezeway. Sister courts of appeals have concluded that a garage completely unattached to the residence still may be considered to be a "structure appurtenant to" a residence and thus may fall within the statutory definition of a "habitation." *See Darby v. State*, 960 S.W.2d 370, 372 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (concluding that garage attached to the residence by a roof over the breezeway used to store items owner could not store in house is a "structure appurtenant" to habitation). We conclude that this type of garage is a "structure appurtenant to or connected with" the structure that serves as the complainant's residence. *See Darby*, 960 S.W.2d at 372; *Jones*, 690 S.W.2d at 319–20; *White v. State*, 630 S.W.2d 340, 341–42 (Tex. App.—Houston [1st Dist.] 1982, no pet.) (concluding that a garage attached to the residence and under the same roof was a habitation within the purview of the Penal Code). A rational trier of fact could have found the complainant's garage falls within the Penal Code definition of a habitation as it is a structure appurtenant to or connected with the complainant's home. *See* Tex. Penal Code Ann. § 30.01(1)(A),(B); *Darby*, 960 S.W.2d at 372; *Jones*, 690 S.W.2d at 319–20; *White*, 630 S.W.2d at 341–42. The evidence is sufficient to support appellant's conviction, and thus we overrule appellant's first issue.

**B.      Did the trial court abuse its discretion in denying appellant's requests for instructions on asserted lesser-included offenses?**

In his second issue appellant argues the trial court abused its discretion in denying

his request to include jury instructions on the offenses of criminal trespass, burglary of a building, and burglary of a vehicle, which appellant asserts are lesser-included offenses of burglary of a habitation. At the charge conference the trial court denied appellant's requests for lesser-included offense instructions on criminal trespass, burglary of a building, and burglary of a vehicle.

The Texas Code of Criminal Procedure provides, "[i]n a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." Tex. Code Crim. Proc. Ann. art. 37.08 (West 2006). We apply a two-prong analysis to determine whether an instruction on a lesser-included offense should be included in the jury charge. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). In the first prong, we compare the elements of the offense as charged in the indictment or information with the elements of the asserted lesser-included offense. *Meru*, 414 S.W.3d at 162; *Hall*, 225 S.W.3d at 535–36. This first prong is a question of law and does not depend on evidence adduced at trial. *Hall*, 225 S.W.3d at 535.

The Texas Code of Criminal Procedure provides that an offense will be a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 2006). Under this statute, an offense is a lesser-included offense of the charged offense if the indictment for the greater-inclusive offense either: (1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (per curiam). If the elements of the lesser-included offense can be deduced

from facts alleged in the indictment, they need not be pled in the indictment. *Id*. We use the concept of functional equivalence to determine whether the elements of the lesser offense "are 'functionally the same or less than those required to prove the charged offense.'" *Meru*, 414 S.W.3d at 162 (quoting *McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010)).

If in our analysis under the first prong we determine that the requested lesser offense qualifies as a lesser-included offense, then we move to the second prong and determine "whether a rational jury could find that, if the defendant is guilty, he is guilty only of the lesser offense." *Meru*, 414 S.W.3d at 162–63. In this prong, we determine whether the evidence presented at trial raised a fact issue as to whether the defendant was guilty of only the lesser offense. *Id*. at 163. If so, then a lesser-included-offense instruction must be given, even if the evidence is weak, contradicted, or impeached. *Id*. But, if our analysis under the first prong shows that the requested lesser offense does not qualify as a lesser-included offense, we need not proceed to the second step. *Id*. at 164.

### *Criminal Trespass*

To determine whether an offense qualifies as a lesser-included offense under the statute, we use the cognate-pleadings approach. *Ex parte Watson*, 306 S.W.3d at 273. We first examine the indictment to determine whether it alleges (1) all of the elements of criminal trespass, or (2) elements and facts from which all of these elements can be deduced. *See id.*

The statutory elements of burglary of a habitation as alleged in the indictment are that (1) appellant, (2) with intent to commit theft, (3) entered a habitation (4) without the effective consent of the complainant, the owner. *See* Tex. Penal Code Ann. § 30.02(a)(1). For the purposes of section 30.02, "'enter' means to intrude: (1) any part of the body; or (2) any physical object connected with the body." Tex. Penal Code Ann. § 30.02(b)(1)–(2). A person commits criminal trespass "if the person enters . . . property

6

of another, including . . . a building . . . without effective consent and the person: (1) had notice that the entry was forbidden[.]" Tex. Penal Code Ann. § 30.05(a)(1) (West Supp. 2014). For the purposes of section 30.05, "'[e]ntry' means the intrusion of the entire body." Tex. Penal Code Ann. § 30.05(b)(1). Under these definitions, the "entry" element of criminal trespass requires proof of entry of the entire body, whereas burglary can be shown with only a partial entry of the body, or simply the entry of a physical object connected to the body.

The Texas Court of Criminal Appeals recently considered the differences in these definitions in a case involving an indictment that alleged only that the defendant entered a building with intent to commit theft, without alleging the manner of entry. *Meru*, 414 S.W.3d at 163–64. In that case, the high court determined that "[b]ecause criminal trespass requires proof of greater intrusion than burglary, the divergent definitions of 'entry' will generally prohibit criminal trespass from being a lesser-included offense of burglary." *Id*. The court explained that the definition of "entry" in section 30.05(b) makes the showing of only a partial entry by the defendant insufficient for a conviction of criminal trespass. The same partial entry, however, is all that is needed to support a burglary conviction. In other words, a burglary can be complete upon only a partial intrusion onto the property, whereas the lesser offense would require a greater intrusion. *Id*. at 163. Thus, the "entry" element of criminal trespass is not the functional equivalent of the "entry" element of burglary since the proof of entry required for criminal trespass is greater, not the same or less than, the proof for burglary.

As in *Meru*, the indictment in today's case, by simply alleging that appellant entered a habitation, does not allege the "entry" element of criminal trespass. Further, the indictment does not allege additional facts from which we can deduce this element of criminal trespass. *See id*. at 164.

The first prong of the lesser-included-offense analysis has not been met because

the "entry" element for criminal trespass requires more, not the same or less, proof than entry for burglary, and no additional facts have been alleged that would support a deduction that the "entry" element for criminal trespass is satisfied. *See id.* Because the first prong has not been satisfied, we need not determine whether, based on the evidence at trial, a rational jury could find that appellant is guilty only of criminal trespass.

### *Burglary of a Building and Burglary of a Vehicle*

The Court of Criminal Appeals has recognized that burglary of a building may be a lesser-included offense of burglarizing of a habitation. *See Jones v. State*, 532 S.W.2d 596, 601 (Tex. Crim. App. 1976), *overruled on other grounds by Moss v. State*, 574 S.W.2d 542 (Tex. Crim. App. 1978). In today's case, however, appellant has not satisfied the second prong of the test, which requires that the record show that some evidence would permit the jury to find, rationally, that if appellant is guilty, he is guilty only of the lesser offense. *See Hayward v. State*, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005).

The undisputed evidence in the record shows that appellant took the GPS unit from the complainant's car while the car was in the garage. And, the undisputed evidence also shows that the garage was part of a habitation because it was a "structure appurtenant to or connected with" the structure that serves as the complainant's residence. The evidence appellant cites would not by itself permit a rational factfinder to conclude that if appellant burglarized anything it was only a building, and not a habitation. *See Hicks v. State*, 204 S.W.3d 505, 507 (Tex. App.—Amarillo 2006, no pet.) (no instruction required when evidence showed burglarized structure was habitation even though it was unfurnished). Thus, appellant cannot prevail on this lesser-included-offense argument.

The same analysis holds true for appellant's argument that he was entitled to a jury instruction on burglary of a vehicle as a lesser-included offense to burglary of a

habitation. *See id.* at 507. It is undisputed that the vehicle was parked in the complainant's garage at the time it was burglarized. Therefore, the evidence cited by appellant would not permit a rational factfinder to conclude that appellant could be guilty only of burglary of a vehicle. *See id.* Appellant was not entitled to a jury instruction on burglary of a vehicle.

We conclude the trial court did not err in denying any of appellant's requested lesser-included offense instructions. Accordingly, we overrule appellant's second issue.

Having overruled all of appellant's challenges on appeal, we affirm the trial court's judgment.


/s/    Kem Thompson Frost
          Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Publish — Tex. R. App. P. 47.2(b).