**Affirmed and Opinion filed June 27, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00512-CR

**ALBERTO PALACIO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1470978**

## O P I N I O N

Appellant Alberto Palacio appeals his conviction for burglary of a habitation. In three issues he complains that the trial court (1) allowed the State to define and discuss "deadly weapon" during voir dire, (2) failed to grant a mistrial, and (3) failed to instruct the jury on an alleged lesser-included offense of assault. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant had a violent history with his sister, the complainant, who had suffered physical abuse at appellant's hands since childhood. Their mother lived with the sister and the sister's two children. Appellant was not welcome on the sister's property. Posted notices stated appellant was banned from the premises. Nonetheless, appellant would visit his mother at the sister's house while the sister was at work. On the day in question, appellant was visiting his mother at the sister's house. Appellant's mother asked appellant to leave before the sister returned home. He did not.

When the sister came home and found appellant in her yard with their mother, the sister told appellant to leave. Then the two women went inside the house. The sister asked the mother to call the police. Before help arrived, appellant smashed a patio chair through the front-door window. He then grabbed the sister through the window as she was trying to keep the front door closed. Appellant began twisting and turning her with his hands, holding on to her upper body. The movement caused the window glass to cut the sister's flesh. She suffered gashes in her arms. Both the mother and the sister feared that appellant would harm the sister severely. Appellant threatened to kill his sister and then fled the premises before the police arrived.

Appellant was charged with burglary of a habitation with intent to commit assault. The primary paragraph of the indictment contained the elements of a charge of burglary under Penal Code section 30.02(a)(1) involving entry of a habitation with intent to commit assault. The second paragraph contained an allegation that appellant used and exhibited a deadly weapon, namely, a broken glass, during the commission of the offense. The last two paragraphs contained

allegations of two prior convictions, one for aggravated assault with a deadly weapon (2002) and the other for assault of a family member (2010).

The jury found appellant guilty as charged. Appellant pleaded "true" to both enhancement paragraphs. The trial judge made a negative finding on the deadly-weapon issue, assessed punishment, and sentenced appellant to forty-five years' confinement.

## II. ISSUES AND ANALYSIS

### A. Did the trial court commit harmful error when it permitted the State to define "deadly weapon" during voir dire?

In his first issue, appellant asserts that the trial court erred when it overruled his objection to the State defining "deadly weapon" during voir dire after he had elected that the trial court assess punishment.

### *Did appellant preserve error on his complaint?*

We first consider whether appellant preserved error on his complaint. In conducting voir dire, the trial judge began by introducing the court, the process, the parties, and the subject matter of the case. Midway in this first phase, the judge read the indictment's primary paragraph and deadly-weapon paragraph. After interacting with the jury panel, the trial court called on the attorneys to introduce themselves and to conduct their own voir dire. At that juncture, appellant's attorney lodged an anticipatory objection to prevent the State from defining the term "deadly weapon" during its voir dire examination. Appellant's counsel argued that because the trial judge would be deciding punishment, the judge also should make the fact-finding on the deadly-weapon issue, and thus the matter would not be relevant to jury's consideration.

The trial court did not immediately decide at which phase the deadly-weapon issue would be determined, but the trial court decided regardless that "the

3

State should be allowed to define a deadly weapon is since that appears to be relevant to their case-in-chief of burglary of a habitation with intent to commit assault." Appellant's counsel argued that if the jury was not making a decision on the deadly-weapon issue, a discussion about the definition of "deadly weapon" would taint the jury determination of appellant's guilt. The trial court overruled the objection but restricted the State from "explain[ing] anything about the special issue and that they're going to get a charge" on the issue, and limited the State to "defin[ing] what a deadly weapon is under the law."

The State read the Penal Code's definition of "deadly weapon" and then solicited thoughts from the panel about their impression of objects that fit the definition. Appellant's counsel raised no further objection. Appellant's counsel engaged the panel on a definition using his own hypothetical.

The State contends appellant did not preserve error on his complaint that the trial court overruled appellant's objection to the State's discussion of the legal definition for "deadly weapon" because appellant did not first object when the trial court read the deadly-weapon paragraph to the panel. We presume for the sake of argument that appellant timely voiced his objection and preserved error by obtaining an adverse ruling from the trial court.

*Did the trial court commit reversible error when it allowed the State to define "deadly weapon" during voir dire?*

The trial court has broad discretion over the jury-selection process. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). The trial court abuses its discretion when it permits an improper question to be asked. *See id.* At the time of his objection, appellant made clear he wanted the trial court to make any factfinding on the deadly-weapon issue during the punishment phase, rather than have the jury make a finding on this issue during the guilt/innocence phase.

4

Though appellant had elected for the judge to assess punishment, if necessary, appellant had not before indicated his preference regarding the deadly-weapon factfinder. Nor had the trial court determined or pronounced whether the jury or the trial court would be the factfinder on the issue.

Upon an affirmative finding that a defendant used or exhibited a deadly weapon during the commission of a felony offense or the immediate flight from the commission of a felony offense, "the trial court shall enter the finding in the judgment of the court." Tex. Crim. Proc. Code Ann. § 42A.054(b), (c) (West 2017). The Court of Criminal Appeals has never held that it is improper to submit a "deadly weapon" special issue during the guilt/innocence phase of trial. *See Hill v. State*, 913 S.W.2d at 586. The high court has stated that the better practice is to submit the "deadly weapon" special issue during the guilt/innocence phase rather than during the punishment phase. *See id.*

In today's case the indictment contained an allegation that appellant used and exhibited a deadly weapon during the commission of the offense. Absent a determination that the trial court would be the factfinder on the "deadly weapon" issue during the punishment phase, if any, the trial court reasonably could have decided that the jury would make any finding on that issue and that the State should be allowed to discuss the definition of "deadly weapon" during voir dire. Appellant has not shown that the trial court erred in overruling his objection. *See Hill v. State*, 913 S.W.2d at 586.

Twice in his appellate brief appellant characterizes the trial court's ruling on his objection to the State's voir dire discussion as effectively constituting a comment on the weight of the evidence. Yet, nothing in appellant's brief suggests that appellant challenges anything the trial court communicated to the jury, or that appellant's complaint on appeal is that the trial court "commented on the weight of the evidence" when it read the enhancement paragraph to the jury. The trial

court's ruling, made in a bench conference to the lawyers, on whether the State could discuss the proper definition of a legal term in voir dire is not a "comment" by the trial court to the jury.

Even if we presume error for the sake of argument, we conclude the error is harmless. The venire panel already had heard the trial court read the "deadly weapon" paragraph early in the voir dire (which appellant does not challenge on appeal). And, the trial court took steps to ensure the State did not venture beyond a discussion of the definition. *See Haley v. State*, 396 S.W.3d 756, 763 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (finding no harm where appropriate steps were made to keep the panel from making further inferences beyond the matter that drew the objection). Thus, even if there were error, no harm resulted from it. Accordingly, we overrule appellant's first issue.

## B. Did the trial court abuse its discretion in denying appellant's motions for mistrial?

Under his second issue, appellant challenges the trial court's denial of two motions for mistrial he asserted while the State's witness, Officer Mike Vollert, was on the stand. We review a trial court's denial of a mistrial for an abuse of discretion. *Ocon v. State,* 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); *Crayton v. State*, 463 S.W.3d 531, 542 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Courts invoke the device of mistrial to halt trial proceedings when they deem the error so prejudicial that spending more time and incurring more expense would be wasteful and futile. *Ladd v. State,* 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Because the law views a mistrial as an extreme remedy, courts grant them only when they deem the prejudice incurable and have exhausted less drastic alternatives. *See Ocon,* 284 S.W.3d at 884. In determining whether a prejudicial event was so harmful as to warrant reversal on appeal, we consider the prejudicial effect, any curative measures taken, and the certainty of conviction absent the

prejudicial event. *See Hawkins v. State,* 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). When a party requesting a mistrial does not first seek a lesser remedy, a reviewing court cannot reverse the trial court's judgment if the alleged error could have been cured by a less drastic alternative. *Ocon v. State,* 284 S.W.3d 880, 884–85 (Tex. Crim. App. 2009).

*First Motion for Mistrial*

Appellant complains that the trial court abused its discretion when it denied his first motion for mistrial after the Officer Vollert testified that the complainant reported to him that appellant had "been arrested before and that he's assaulted her before." Following the officer's statement, appellant objected (without specifying a ground) and then asked for a bench conference. During the bench conference appellant's counsel stated, "We had discussed this in a motion in limine about prior arrests." In the motion in limine appellant had sought to exclude any evidence of the prior assaults during the guilt/innocence phase of trial. The trial court had granted the motion and required that the State approach before offering the evidence. The trial court instructed the State to ensure that the witness did not discuss "anything about [appellant] being arrested."

Following the bench conference, without asking for any curative measure, appellant immediately moved for a mistrial, asserting the State had violated the trial court's in limine order. The trial court then opted to instruct the jury to disregard the officer's statement. The trial court did not rule on the motion for mistrial. Appellant did not re-urge his motion for mistrial after the court instructed the jury to disregard or otherwise request a ruling on his motion for mistrial.

Because appellant failed to secure an adverse ruling on his first motion for mistrial, he failed to preserve the complaint for appellate review. *Flores v. State,* 871 S.W.2d 714, 723 (Tex. Crim. App. 1993) (concluding that appellant did not preserve error as to the denial of his motion for mistrial because he did not get an

adverse ruling on it). Even had appellant preserved error, we could not conclude the officer's comment was so harmful that the trial court would have abused its discretion in denying the first motion for mistrial.

*Second Motion for Mistrial*

Also under his second issue, appellant complains that the trial court abused its discretion by failing to grant his second motion for mistrial when the State, through Officer Vollert, misrepresented that the complainant/sister saw appellant kick in her front door.

The testimony that prompted appellant's second motion for mistrial began as the State asked Officer Vollert about what the sister told him concerning the condition of the front door when she first arrived home from work. Shortly before appellant lodged the second motion for mistrial, the jury heard the following testimony from the officer:

> Q. Looking back at State's 4, did she [complainant-sister] mention to you in any way how or why the piece of wood from the doorjamb was on the inside of the house?
>
> A. Yes, sir.
>
> Q. What was that?
>
> A. She stated that when she came home, the door had been kicked in or that she observed the door to have been kicked in.
>
> Q. Did she kick in the door?
>
> A. No, sir.
>
> Q. Who kicked in the door?
>
> MR. CASTRO: Objection, Your Honor.
>
> Q. (By Mr. Cicconetti) If you know.
>
> A. She stated that Alberto Palacio kicked in the door.
>
> MR. CASTRO: Objection again as to hearsay, Judge.
>
> THE COURT: I'm going -- he's already asked and answered the question. I'm going to overrule the objection.

8

MR. CASTRO: He also said earlier that when she got there --

THE COURT: Just one second. Do not testify. Do you need to approach the bench?

MR. CASTRO: Yes, please.

Although Officer Vollert never testified that the sister saw appellant kick the door in, at the bench conference, the trial court recognized the concern that the officer's testimony suggested the sister had personal knowledge that appellant had kicked in the door. The trial court inquired among the lawyers about the sister's personal knowledge, and the prosecutor represented to the trial court that the sister actually saw appellant kick in the door. The trial court advised appellant's counsel to address his concerns regarding the sister's personal knowledge in cross-examination when the sister took the stand. Appellant requested an instruction to disregard, which the trial court implicitly refused when it stated in response, "I've already overruled the objection." Appellant then moved for a mistrial, and the trial court denied the motion.

Presuming, without deciding, that the trial court erred in overruling appellant's hearsay objection, and presuming, without deciding, that the trial court erred in not instructing the jury to disregard Officer Vollert's testimony that the sister told him that appellant kicked the door in, we consider whether the trial court abused its discretion when it refused to grant appellant's second mistrial at the close of the bench conference.

Officer Vollert's testimony had little prejudicial effect. The State's burglary case did not depend on appellant's kicking in the door before the sister entered the house. The State's case turned on appellant's entry during the altercation when sister was in the house. The record contains ample evidence showing that appellant's unauthorized entry into the house occurred later. The sister and the mother testified to the essential facts necessary to convict appellant. The

9

prejudicial effect of the officer's testimony was relatively low and the certainty of appellant's conviction absent the misconduct was relatively high. *See Brown v. State*, 270 S.W.3d 564, 572–73 (Tex. Crim. App. 2008) (although there were no curative measures, the State did not dwell on the matter, and the evidence of guilt included corroborated accomplice-witness testimony); *Freeman v. State*, 340 S.W.3d 717, 728–29 (Tex. Crim. App. 2011) (the trial court did not give a curative instruction, the comment was brief, there was a lack of prejudice, and evidence supporting the conviction was strong). Accordingly, we overrule all complaints under appellant's second issue.

**C. Did the trial court abuse its discretion when it denied appellant's request to charge the jury on assault as a lesser-included offense?**

In his third issue appellant argues the trial court abused its discretion in denying his request to include jury instructions on the offense of assault, which appellant asserts is a lesser-included offense of burglary of a habitation with intent to commit assault.

The Texas Code of Criminal Procedure provides, "[i]n a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." Tex. Code Crim. Proc. Ann. art. 37.08 (West 2006). We apply a two-prong analysis to determine whether the trial court should have included a lesser-included offense instruction in the jury charge. *State v. Meru,* 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *Hall v. State,* 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). In the first prong, we compare the elements of the offense as charged in the indictment or information with the elements of the asserted lesser-included offense. *Meru,* 414 S.W.3d at 162; *Hall,* 225 S.W.3d at 535–36. This first prong is a question of law and does not depend on evidence adduced at trial. *Hall,* 225 S.W.3d at 535.

An offense will be a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 2006). Under this statute, an offense is a lesser-included offense of the charged offense if the indictment for the greater offense either: (1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. *Shakesnider v. State*, 477 S.W.3d 920, 924 (Tex. App.—Houston [14th Dist.] 2015, no pet.). If the elements of the lesser-included offense can be deduced from facts alleged in the indictment, they need not be pled in the indictment. *Id.* We use the concept of functional equivalence to determine whether the elements of the lesser offense "are 'functionally the same or less than those required to prove the charged offense.'" *Meru,* 414 S.W.3d at 162 (quoting *McKithan v. State,* 324 S.W.3d 582, 588 (Tex. Crim. App. 2010)).

Appellant was indicted on burglary allegations consistent with section 30.02(a)(1) of the Penal Code. The statutory elements of burglary of a habitation, as alleged in the indictment, are that (i) appellant, (ii) with intent to commit assault, (iii) entered a habitation (iv) without the effective consent of the complainant, the owner. *See* Tex. Penal Code Ann. § 30.02(a)(1). Section 22.01 defines assault as (1) intentionally, knowingly, or recklessly caus[ing] bodily injury to another, including the person's spouse; (2) intentionally or knowingly threaten[ing] another with imminent bodily injury, including the person's spouse; or (3) intentionally or knowingly caus[ing] physical contact with another person when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. The indictment's primary paragraph does not add facts from which

11

any of the elements of assault may be deduced. The burglary indictment, tracking the language of 30.02(a)(1), rejects the inclusion of "assault" as a lesser-included offense because the intent-to-commit-assault element describes something less than a completed assault.

Other courts conducting the first-prong analysis to decide whether assault is a lesser-included offense to a burglary with the intent-to-commit-assault have found that it is not. *Jacob v. State*, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995)(holding aggravated assault is not a lesser-included offense of burglary of a habitation with intent to commit aggravated assault); *Beasley v. State*, 426 S.W.3d 140, 146 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding submission of the unindicted charge of sexual assault, which was not a lesser-included offense of charged burglary of a habitation with intent to commit sexual assault, caused egregious harm to defendant); *Turner v. State*, 528 S.W.3d 569, 576–77 (Tex. App.—Texarkana 2016, no pet.) ("Because burglary of a habitation with the intent to commit aggravated assault and aggravated assault do not involve the same elements, no double jeopardy violation clearly appears on the face of the record.").

Appellant, arguing his case is distinguishable, urges us to consider the indictment's "deadly weapon" paragraph as part of the greater-inclusive offense charged. The indictment alleges appellant "used and exhibited a deadly weapon, namely a BROKEN GLASS, during the commission of said offense and during the immediate flight from said offense." Appellant provides no authority, and we have found none, to support the notion that an independent "deadly weapon" paragraph can be used in conjunction with a primary paragraph for purposes of the lesser-included-offense analysis. *See* Tex. Code Crim. Proc. Ann. art. 37.09. Even presuming that it would be proper to do so, appellant's analysis is based on a misunderstanding of the meaning of "said offense" in the deadly-weapon

paragraph as "assault" rather than "burglary."

Because an assault "is not established by proof of the same or less than all the facts required to establish the commission" of burglary with an intent to commit assault, the first prong of the lesser-included offense analysis is not satisfied. *See* Tex. Code Crim. Proc. Ann. art. 37.09(1); *Jacob v. State*, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995) (aggravated assault is not a lesser-included offense of burglary of a habitation with intent to commit aggravated assault). Therefore, the trial court did not abuse its discretion when it denied appellant's request to instruct the jury on assault as a lesser-included offense. Accordingly, we overrule appellant's third issue.

Having overruled all of appellant's challenges on appeal, we affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan.

Publish — TEX. R. APP. P. 47.2(b).