

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00398-CR

_____

DANIEL WILLIAM MOHLER, APPELLANT

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1345064D

---

Before Gabriel, Kerr, and Wallach, JJ.
Memorandum Opinion by Justice Kerr
Dissenting Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Daniel William Mohler appeals—for the second time—his two convictions for indecency with a child by contact. After the jury assessed Mohler's punishment at six years' imprisonment for each offense, the trial court sentenced him and ordered his sentences to run consecutively. Because the State can obtain only one conviction per count and because the State proceeded on only one count, we modify the judgment to vacate the second conviction. We affirm the trial court's judgment on the first conviction.

### Procedural history

In his initial appeal in 2016, we affirmed the trial court's judgments. *See Mohler v. State*, No. 02-15-00024-CR, 2016 WL 5442066, at *7 (Tex. App.—Fort Worth Sept. 29, 2016, pet. ref'd) (mem. op., not designated for publication). But we noted that the State had procured two convictions on a single count, something that Texas Code of Criminal Procedure Article 21.24 prohibits; we also noted that Mohler had not raised that complaint and declined to address the issue sua sponte. *See id.* at *2 n.3 (citing *Shavers v. State*, 881 S.W.2d 67, 74 (Tex. App.—Dallas 1994, no pet.), and *Owens v. State*, 851 S.W.2d 398, 401 (Tex. App.—Fort Worth 1993, no pet.)).

Thereafter, in 2019, the Texas Court of Criminal Appeals granted Mohler an out-of-time appeal after holding that Mohler's appellate counsel rendered ineffective assistance by not complaining about the judgments' containing more convictions than

counts. *See Ex parte Mohler*, No. WR-89,609-01, 2019 WL 4316896, at *1 (Tex. Crim. App. Sept. 11, 2019) (per curiam) (not designated for publication).

## Mohler's arguments

Mohler raises four issues:

1. The trial court erred in cumulating the six-year sentences on the lesser-included offenses of which Mohler was found guilty.

2. The trial court erred in overruling his objection to the jury charge in the guilt–innocence stage by submitting multiple charges involving the two lesser-included offenses of indecency with a child.

3. The trial court denied him due process of law in violation of Texas's well-settled common-law rule that one indictment can result in no more than one conviction and one punishment.

4. The evidence was insufficient to support his conviction for indecency with a child.

We agree that Mohler was erroneously convicted of two offenses based on a single count in violation of both Texas common law and statutory law and sustain Mohler's third issue. We decline to address Mohler's first and second issues because his third issue renders them moot. And we overrule Mohler's fourth issue because sufficient evidence supports the conviction.[1]

---

[1]Because we hold that the evidence is sufficient, we address Mohler's fourth issue in the order that he presented it. *Cf. Fernandez v. State*, No. 02-19-00014-CR, 2020 WL 579117, at *1 (Tex. App.—Fort Worth Feb. 6, 2020, no pet.) (mem. op., not designated for publication) (addressing sufficiency complaint first because it could, if granted, result in greater relief).

3

## The indictment

In the indictment, the State alleged five counts. Within an indictment, the State may—depending on the circumstances—potentially obtain as many convictions as there are counts. *See* Tex. Code Crim. Proc. Ann. art. 21.24(a); *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007); *Shavers*, 881 S.W.2d at 74.

The first count alleged the offense of continuous sexual abuse of a child and, as part of that offense, listed five component offenses of sexual abuse.[2] *See* Tex. Penal Code Ann. § 21.02(b). The five acts of sexual abuse specifically enumerated in the first count are lesser-included offenses of the offense of continuous sexual abuse. *See id.* § 21.02(c); *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011).

Counts two through five consisted of four of the five component offenses alleged in count one, two of them for aggravated sexual assault of a child and the last two for indecency with a child by contact.

## Examining the indictment's structure

Normally, when the elements of a lesser-included offense can be deduced from the facts alleged in the indictment, the State does not have to plead the lesser offense separately. *Shakesnider v. State*, 477 S.W.3d 920, 923 (Tex. App.—Houston [14th Dist.] 2015, no pet.). In continuous-sexual-abuse cases, the lessers are easily deduced from the indictment. *See Soliz*, 353 S.W.3d at 854 (asserting that in the context of Section

---

[2]Three of the component offenses were for aggravated sexual assault of a child; the other two were for indecency with a child by contact.

21.02, lesser-included offenses are "readily apparent from the face of the indictment").

Despite apparently not having to plead the lessers separately, the State pleaded four of count one's five lessers as distinct counts. The question is why? Another question is why only four of the five? The answers lie in the peculiarities of the offense of continuous sexual abuse of a child.

A defendant cannot be convicted both of continuous sexual abuse of a child and of its component offenses. *See* Tex. Penal Code Ann. § 21.02(e); *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014). Thus, if the jury found Mohler guilty of count one, Mohler could not be convicted of counts two through five. *See* Tex. Penal Code Ann. § 21.02(e); *Price*, 434 S.W.3d at 606.

But if the jury found Mohler not guilty of count one, what then?

Because the indictment contained five counts, Mohler faced as many as five separate convictions. *See* Tex. Code Crim. Proc. Ann. art. 21.24(a); *Martinez*, 225 S.W.3d at 554; *Shavers*, 881 S.W.2d at 74. The indictment structured the five potential convictions into two groups:

- The only component offense in count one that the State did not allege as a separate count (one of the alleged aggravated-sexual-assault-of-a-child offenses) could be submitted as a lesser-included offense of count one. *See* Tex. Penal Code Ann. § 21.02(e)(3); *Machutta v. State*, Nos. 05-16-00846-CR, 05-16-01160-CR, 2018 WL 2252553, at *4 (Tex. App.—Dallas May 17, 2018, pet. ref'd) (mem. op., not designated for publication) ("[T]he context of the term 'a lesser[-]included offense' [under Section 21.02(e)(3)] indicates that it is singular . . . .").

5

- The remaining four component offenses in count one could be submitted in the alternative—not as lesser-included offenses but as separate, independent counts. *See* Tex. Penal Code Ann. § 21.02(e)(1); *Machutta*, 2018 WL 2252553, at *6; *Shavers*, 881 S.W.2d at 74; *see also Count—Alternative Count*, Black's Law Dictionary (10th ed. 2014).[3]

In this manner, the State structured the indictment so that if the jury found Mohler not guilty of count one, the jury could decide its five component offenses separately.

### At trial, the State deviates from the indictment

But at the charge conference, the State took a different tack:

THE COURT: All right. I understand there's some things that the State wanted to put on the record; is that correct?

[FIRST PROSECUTOR]: With respect to the charge, Your Honor?

THE COURT: Yes.

[FIRST PROSECUTOR]: Yes.

THE COURT: Okay. Go ahead.

[FIRST PROSECUTOR]: We were waiving all of our lessers, Your Honor.

THE COURT: Well, there are no lessers in the indictment. There are counts.

---

[3]Black's Law Dictionary defines an "alternative count" as "[a]n ancillary count in an indictment, information, or presentment" that is "stated to be distinct from, and usu[ally] less serious than, the immediately preceding count," which permits "the jury, if not satisfied that the defendant is guilty of the preceding count, [to] acquit on that count but find the defendant guilty of the second one." *Id.*

[FIRST PROSECUTOR]: I'm sorry. Counts Two, Three, Four, and Five we are waiving, Your Honor.[4]

THE COURT: You are waiving those.

[FIRST PROSECUTOR]: And we asked for lessers in the charge.

THE COURT: Of those same offenses?

[FIRST PROSECUTOR]: Yes, Your Honor, of the offenses that are included in our continuous paragraph and Counts Two, Three, Four, and Five.

THE COURT: Any objection to that from the Defense?

[DEFENSE COUNSEL]: No objection, Your Honor.

At this point, then, the State reduced the number of counts from five to one.

The significance of doing that surfaced later in the charge conference:

[SECOND PROSECUTOR]: . . . . [T]echnically, [Mohler] could be found guilty of three aggravated[-]sexual[-]assault[-]of[-]a[-]child charges and two indecency charges or any combination thereof.

[DEFENSE COUNSEL]: I don't – I'll object to that. I don't believe that's true. I just can't see how that could be.

THE COURT: So you're requesting to say and/or in between the lessers.

[SECOND PROSECUTOR]: Yes, sir.

THE COURT: All right. I'll overrule that objection.

Anything else?

---

[4]The State argues that the prosecutor did not waive counts two through five "in the traditional sense" because the prosecutor still sought convictions on them. We disagree. The above shows that the prosecutor waived those counts.

[SECOND PROSECUTOR]: Nothing from the State, Your Honor.

[DEFENSE COUNSEL]: Then is the Court ruling the concept that he could be found guilty of -- of multiple lesser-included offenses?

THE COURT: Correct.

[DEFENSE COUNSEL]: Then I'll object to that.

THE COURT: Okay. That's overruled.

The charge, as submitted, authorized the jury to convict Mohler of count one or, assuming the jury found him not guilty of count one, to convict him of one, two, three, four, or all five of the lesser-included offenses found within count one.

The jury found Mohler

- not guilty of count one,

- not guilty of the three more serious lesser-included offenses, and

- guilty of the two lesser-included offenses of indecency with a child by contact.

**Mohler's first and second issues**

Because our disposition of Mohler's third issue renders his first and second issues moot, we need not address them. *See* Tex. R. App. P. 47.1; *see Hill v. State*, No. 02-16-00106-CR, 2017 WL 1953329, at *9 (Tex. App.—Fort Worth May 11, 2017, pet. ref'd) (mem. op., not designated for publication).

8

**Mohler's third issue: "The trial court denied [him] due process of law in violation of the well[-]settled common[-]law rule in Texas that one indictment can result in no more than one conviction and one punishment."**

In his third issue, Mohler relies on *Machutta* and its reliance on common law and Article 21.24 ("Joinder of Certain Offenses") to support his argument that the State could obtain only one conviction because it had only one count for the jury to consider. *See* Tex. Code Crim. Proc. Ann. art. 21.24; *Machutta*, 2018 WL 2252553, at *3–6. We agree.

Texas common law provides that unless some statutory or judicial exception applies, one indictment can result in no more than one conviction and one punishment. *See Machutta*, 2018 WL 2252553, at *3 (citing *Shavers*, 881 S.W.2d at 73). Article 21.24(a) is a statutory exception to that rule. *Id.* Under that statute, it is the number of counts within an indictment that determines the maximum number of possible convictions. *See* Tex. Code Crim. Proc. Ann. art. 21.24(a);[5] *Martinez*,

---

[5]Article 21.24(a) provides: "Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code." *Id.* Penal Code Section 3.01 defines a "criminal episode" as "offenses [that] are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan" or "offenses [that] are the repeated commission of the same or similar offenses." Tex. Penal Code Ann. § 3.01(1), (2). And Section 3.03(a) provides for more than one sentence: "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he had been found guilty shall be pronounced." *Id.* § 3.03(a). Black's Law Dictionary defines "count" as "[t]he part of a charging instrument alleging that the suspect has committed a distinct offense." *Count*, Black's Law Dictionary (10th ed. 2014). A "separate count" is defined as "[o]ne of two or more criminal charges contained in

9

225 S.W.3d at 554; *Shavers*, 881 S.W.2d at 74. Because the State proceeded on only one count, explicitly waiving the four other counts, we agree that Mohler's two convictions violate both Texas common law and Article 21.24.

## A. **Article 37.08 and** *People v. Eid*

The State contends that Article 37.08 ("Conviction of Lesser[-]Included Offense") does not preclude multiple convictions for lesser-included offenses. *See* Tex. Code Crim. Proc. Ann. art. 37.08. The State notes the similarity in Article 37.08's language and the language in statutes from other jurisdictions where multiple convictions for lesser-included offenses are permitted. Article 37.08 states: "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of *any* lesser included offense." *Id.* (emphasis added). The State points to other courts that have construed the use of "any" in similar statutes as a plural and that have thus permitted convictions for more than one lesser-included offense. *See United States v. Lacy*, 446 F.3d 448, 452 (3rd Cir. 2006) (stating that because Rule 31(c) of the Federal Rules of Criminal Procedure was simply a restatement of earlier law and that because the earlier law used the word "any," the court saw "no reason not to allow multiple convictions for lesser[-]included offenses on the same charged offense under Rule 31(c)"); *People v. Eid*, 328 P.3d 69, 73, 76 (Cal. 2014) (stating that "Section 1159 [of the California Penal Code] provides

one indictment, each charge constituting a separate indictment for which the accused may be tried." *Id. Count–Separate Count.*

10

that '[t]he jury . . . may find the defendant guilty of *any offense*, the commission of which is necessarily included in that with which he is charged," and thus concluding that the "defendants were properly convicted of two lesser[-]included offenses . . . neither of which is included in the other").

The latter case articulates the State's argument well, so we concentrate our discussion on *Eid*, which identifies two types of lesser-included offenses:

> Where a charged offense necessarily includes multiple lesser offenses, it is often the case that the lesser offenses are, in hierarchical fashion, also lesser[-]included offenses of each other. In such circumstances, the defendant may be convicted of only one offense because of the rule prohibiting convictions on both a greater offense and a lesser[-]included offense. This case is unusual: The two lesser offenses are included within the charged offense, but neither lesser offense is an included offense of the other.

*Id.* at 73 (citations omitted). For ease of reference, we refer to the former as vertical lesser-included offenses and the latter as horizontal lesser-included offenses.

The *Eid* court then addressed whether California's version of Article 37.08 (Section 1159 of the California Penal Code) authorized more than one conviction for horizontal lesser-included offenses and concluded that it did. *Id.* at 72–74. Put more directly, in California, defendants are not entitled to notice of the number of convictions they face. *Id.* at 75–76. (From this, we conclude that California has no common-law rule requiring only one conviction per indictment and no statute restricting the number of convictions to the number of counts.)

11

Yet the court's analysis came with one significant caveat. The court noted that it had previously ruled that when an appellate court held the evidence insufficient to support a conviction for a greater offense, the appellate court could not substitute convictions for two horizontal lesser-included offenses. *Id.* at 74 (citing *People v. Navarro*, 151 P.3d 1177, 1179–84 (Cal. 2007)). The difference lay in the governing statute (Section 1181, Subdivision 6 of the California Penal Code), which limited an appellate court's options to modifying a verdict to reflect a single conviction for a lesser-included offense where insufficient evidence supported the greater-offense conviction. *Id.* at 74–75.

It thus goes without saying that statutory language and statutory construction are important. So even assuming here that the State's Article 37.08 analysis is correct, we cannot read Article 37.08 in isolation, given the bedrock statutory-construction principle that the "specific statute controls over the general." *Busby v. State*, 984 S.W.2d 627, 629 (Tex. Crim. App. 1998); *see Strickland v. State*, 193 S.W.3d 662, 666 (Tex. App.—Fort Worth 2006, pet. ref'd). Article 37.08, which is within a chapter headed "The Verdict," does not purport to control how an indictment must be structured to obtain more than one conviction, but Article 21.24, which is within the "Indictment and Information" chapter, does. We do not fault the *Eid* analysis, but Texas common law and Article 21.24 dictate the result here. *See Machutta*, 2018 WL 2252553, at *3. *Eid* itself recognized that other statutes could change the result. *Eid*, 328 P.3d at 74–75. And we have such a statute—Article 21.24.

12

## B. The carving doctrine

The State also argues that not allowing more than one conviction per count would revive the discredited carving doctrine. We disagree.

Texas abandoned the carving doctrine in 1982. *See Ex parte McWilliams*, 634 S.W.2d 815, 822 (Tex. Crim. App. 1982) (op. on reh'g). Thus, at least figuratively, we must dust off some oldish books.

The Texas Court of Criminal Appeals has characterized the doctrine as representing

> a substantive policy of this State that no more than one offense ever resulted from a single criminal transaction. The prosecuting authorities had considerable discretion in many cases to decide what manner of offense that might be, since integrated conduct often violated a number of different statutes at once. Yet it was undoubtedly the law in Texas that a person committed only one offense for each criminal transaction in which he participated.

*Ex parte Scales*, 853 S.W.2d 586, 588 (Tex. Crim. App. 1993).

As we understand the State's argument here, if it proceeds with the offense of continuous sexual abuse of a child, it effectively boxes itself into a nearly all-or-nothing gambit; that is, if the State fails to convict the defendant for that greater offense, then it will be limited to but one of its lesser-included offenses. *See* Tex. Penal Code Ann. § 21.02(e)(1); *Machutta*, 2018 WL 2252553, at *6. And once the jury is sworn in, the State notes, jeopardy attaches to all the lesser-included offenses listed in the continuous-sexual-abuse count. *See Ex parte Castillo*, 469 S.W.3d 165, 170 (Tex. Crim. App. 2015). Thus, although the defendant might have committed any number

13

of offenses, the State contends that it will be limited to but one conviction—a result that the carving doctrine produced but that the Texas Court of Criminal Appeals rejected decades ago.

We are not persuaded. Section 21.02(e)(1) permits the State to charge in the alternative, and Article 21.24 permits the State to expand the number of counts to accommodate charging all the lessers as separate alternative counts. *See* Tex. Code Crim. Proc. Ann. art. 21.24(a); Tex. Penal Code Ann. § 21.02(e)(1); *Machutta*, 2018 WL 2252553, at *6; *Shavers*, 881 S.W.2d at 74. The State has the statutory means to obtain multiple convictions on the lessers if the jury finds the defendant not guilty of the continuous-sexual-abuse offense. And going into the trial in this case, the State in fact had an indictment that was structured to procure as many as five convictions. The problem lay not with the statutes or with any reincarnation of the carving doctrine but with the State's opting to waive four of the indictment's five counts.

## C. Due process and grand-jury screening

Raising a policy argument, the State contends that based on the indictment as originally presented, Mohler had both due-process notice and grand-jury screening of all the lesser-included offenses. Because such notice and screening are the underpinnings of the one-conviction-per-count rule, *see Martinez*, 225 S.W.3d at 554, the State concludes that Mohler should not receive the benefits of that rule. Again, we disagree.

The Texas Court of Criminal Appeals has already addressed and rejected this argument. Based on Article 21.24 alone, dual convictions constitute statutory error and violate a defendant's substantial rights. *See id.* at 555 ("The error here was not harmless, because appellant was convicted of more offenses than were authorized by the indictment. As such, even if viewed as a purely statutory violation, it affected appellant's substantial rights." (citing Tex. R. App. P. 44.2(b))).

## D. Premature objection

The State points out, correctly, that submitting all the lesser-included offenses as jury issues was not error. *See id.* ("The trial judge committed no error in submitting the various paragraphs in six separate verdict forms. These paragraphs were all pled in the indictment, so the State was entitled to prosecute all of them.") According to the State, the error, if any, occurred in how the trial court later reconciled the verdicts with the controlling law, the indictment, and the evidence presented at trial. *See Machutta*, 2018 WL 2252553, at *3;[6] *Martinez*, 225 S.W.3d at 555.[7]

---

[6]The *Machutta* court wrote that the error was not in the charge but in how the trial court handled the verdicts: "The trial court may submit a jury charge that provides the jury the opportunity to render a verdict on each of the lesser[-]included offenses of the main charge . . . ." *Id.* But "once the verdicts are received, the trial judge must perform the task of deciding what judgment is authorized by those verdicts in light of the controlling law, the indictment, and the evidence presented at trial." *Id.*

[7]The court in *Martinez* similarly did not fault the charge but faulted how the trial court handled the verdicts: "[T]he State was entitled to submit all of the allegations included in the indictment to the jury . . . ." *Id.* But "[o]nce the judge receives the jury's verdicts, he should perform the task of deciding what judgment is authorized by

The State thus concludes that Mohler's objection—directed as it was to the charge—was premature. *See Martinez*, 225 S.W.3d at 555 ("[T]he defendant's objection that the trial judge could not create extra counts from alternate paragraphs within a count was correct, [but] it was premature."). In turn, the State implicitly contends that Mohler's premature objection preserved nothing for our review. *See Samora v. State*, No. 13-09-00587-CR, 2010 WL 3279536, at *9 (Tex. App.—Corpus Christi–Edinburg Aug. 19, 2010, no pet.) (mem. op., not designated for publication).

Premature or not, the Texas Court of Criminal Appeals in *Martinez* granted relief and modified the appellate court's judgment to conform to the rule. *Martinez*, 225 S.W.3d at 555–56. Although *Martinez* did not state on what basis it reached the merits, a basis exists.

The *Martinez* court wrote that the conviction in question was not authorized by the indictment. *See id.* at 555. Unauthorized sentences are void. *Levy v. State*, 818 S.W.2d 801, 802 (Tex. Crim. App. 1991); *see Garcia v. State*, 549 S.W.3d 335, 339–45 (Tex. App.—Eastland 2018, pet. ref'd). Parties may attack void sentences at any time. *Levy*, 818 S.W.2d at 802; *see Garcia*, 549 S.W.3d at 339–45. The court in *Martinez* thus correctly addressed the merits of the appellant's complaint in that case, and we

those verdicts in light of the controlling law, the indictment, and the evidence presented at trial." *Id.* The problem in *Martinez* was that "the trial judge did not perform that task." *Id.* The judge "should have realized that the four verdicts of the jury had the legal effect of authorizing only three judgments of conviction, because the law does not permit more than one conviction per count in the indictment." *Id.*

16

conclude that we may similarly and properly address the merits of Mohler's complaint in this one.

## E. Unjust windfall

The State contends that vacating one of the two convictions would elevate form over substance and would give Mohler an unjust windfall. Because the State created this situation by waiving four of the five counts, we cannot agree that any "windfall" should justify affirming the two convictions.

To the contrary, affirming both convictions on these facts would result in an unjust windfall to the State. The State chose to proceed on one count but now insists on two convictions.

## F. Ruling

We sustain Mohler's third issue.

Because the convictions carry the same punishments, we may strike either one. *Martinez*, 225 S.W.3d at 555. We reverse the second conviction—the one for indecency with a child by contact, touching the anus—and reform the judgment to delete the second conviction. *See id.* at 556.

### Mohler's fourth issue: "The evidence was . . . insufficient to support his conviction for indecency with a child."

Mohler attacks the sufficiency of the evidence for both convictions. In resolving his third issue, we vacated the second conviction. So to some extent, reviewing the second conviction for evidentiary sufficiency seems moot. On the other

17

hand, if the evidence was insufficient on one but sufficient for the other, then Mohler's third issue would become moot. We thus address the evidentiary sufficiency supporting both convictions.

## A. Standard of review

Federal due process requires that the State prove beyond a reasonable doubt every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979); *see* U.S. Const. amend. XIV. In our due-process evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman*, 520 S.W.3d at 622.

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Queeman*, 520 S.W.3d at 622. Thus, when performing an evidentiary-sufficiency review, we may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *see Villa v. State*,

18

514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Murray*, 457 S.W.3d at 448–49.

## B. Discussion

In separate issues, the jury found Mohler guilty of indecency with a child by touching Barbara's[8] genitals and anus with his hand.

Barbara herself gave inconsistent outcries. At one point, she even recanted.

She told the sexual-assault nurse examiner that Mohler (her grandfather) touched her "butt" and "wee-wee" while they were lying down in bed and that the touching occurred every time that she visited him. Later though, when talking to her mother, Barbara recanted.

Because Barbara had recanted, she was sent for a second forensic interview. This visit resulted in Barbara's reconfirming that Mohler had touched her. During that interview, Barbara also described how her brothers were upset with her because her outcry interfered with their relationship with their grandparents and because the

---

[8]We use a pseudonym to refer to the complainant. *See* Tex. R. App. P. 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

money that the family had planned to spend on two cruises had to be spent instead on an attorney.

At trial, Barbara testified that when she spent the night at Mohler's house, she would sleep in his bed and shower with him. When showering together, he would not wear underwear. Barbara testified that Mohler would touch her "front private" both over and under her clothing with his hand but denied that he had ever touched "the place where [she went] poop." She acknowledged missing her "papa" and lamented that she had not seen him since "this all came out." Estimating how often Mohler touched her was difficult: he had touched her private area at least five times, but Barbara was not sure whether he had touched her as many as ten times. And, when asked, Barbara admitted recanting to her mother.

But the jury had more than Barbara's outcries to consider: it heard a recorded conversation between Barbara's mother (Mohler's daughter) and Mohler. During the conversation, Mohler admitted showering with Barbara but maintained that he did so while wearing his underwear. He also admitted sleeping with Barbara and having accidentally touched her "some place where I shouldn't have touched her" and rubbing her "where I shouldn't have been rubbing"; that is, her "girl parts." Finally, Mohler admitted touching Barbara's anus once, but he asserted that he did so only to check for pinworms. Barbara's mother (a nurse) seemed singularly unpersuaded, telling Mohler (a medical technologist himself) that the way to check for pinworms was to put tape over the anus.

Because the touching was not disputed, the only question for the jurors was whether to believe Mohler's explanations. The verdicts reflect that they did not; rather, they believed that a man who admitted showering and sleeping with a small child and who also admitted touching that child's genitalia and anus did so with the intent to arouse or gratify his sexual desire. This evidence, when viewed in the light most favorable to the verdicts, was sufficient for a rational trier of fact to find the essential elements of both offenses beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

We overrule Mohler's fourth issue.

## Conclusion

Having sustained Mohler's third issue, we reverse the trial court's judgment showing a conviction for "indecency with a child—contact, by touching the anus (lesser[-]included offense of count one)," and we reform that judgment to delete that conviction.

Having overruled Mohler's fourth issue, we affirm the trial court's judgment showing a conviction for "indecency with a child—contact, by touching the genitals (lesser[-]included offense of count one)."

Because the above dispositions make Mohler's first and second issues moot, we decline to address them.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 15, 2020